IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | : |
| | : |
| Plaintiff, | : Civil Action – |
| | : Complaint for Declaratory Judgment |
| v. | : |
| | : Case No.: 1:18-cv-03083-ER |
| LUX MAINTENANCE & REN. CORP., | : |
| CORNELL UNIVERSITY, | : |
| ROCKEFELLER UNIVERSITY, THE | : **ANSWER** |
| SOCIETY OF THE NEW YORK | : |
| HOSPITAL, MEMORIAL HOSPITAL | : |
| FOR CANCER AND ALLIED DISEASES, | : |
| and MANHATTAN EYE EAR & | : |
| THROAT HOSPITAL, | : |
| | : |
| Defendants. | : |

Defendants, **CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL** (hereinafter "defendants"), by and through their attorneys, Stonberg Moran, LLP, as and for their answer to the Complaint of the plaintiff herein, state as follows:

1.    Admit the allegations contained in paragraph "1" of the Complaint.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.    Deny the allegations contained in paragraph "5" except admits that defendant CORNELL UNIVERSITY is an education corporation chartered under the laws of New York.

6.     Deny the allegations contained in paragraph "6" except admits that ROCKEFELLER UNIVERSITY is an education corporation organized chartered under the laws of New York.

7.     Admit the allegations contained in paragraph "7" of the Complaint.

8.     Admit the allegations contained in paragraph "8" of the Complaint.

9.     Admit the allegations contained in paragraph "9" of the Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.    Admit the allegations contained in paragraph "11" of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13.    Admit the allegations contained in paragraphs "13" of the Complaint.

14.    Admit the allegations contained in paragraphs "14" of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16.    Admit the allegations contained in paragraph "16" of the Complaint.

17.    Admit the allegations contained in paragraph "17" of the Complaint.

18.    Admit the allegations contained in paragraph "18" of the Complaint.

19.    Admit the allegations contained in paragraph "19" of the Complaint.

20.    Admit the allegations contained in paragraph "20" of the Complaint.

21.    Admit the allegations contained in paragraph "21" of the Complaint.

22.    Admit the allegations contained in paragraph "22" of the Complaint.

23.    Admit the allegations contained in paragraph "23" of the Complaint.

24.    Admit the allegations contained in paragraph "24" of the Complaint.

25.    Admit the allegations contained in paragraph "25" of the Complaint.

## IN RESPONSE TO COUNT I

26.     Repeat and reallege the prior responses to the allegations as though fully set forth at length herein in response to paragraph "26" of the Complaint.

27.     Deny the allegations contained in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint as the Policy was not included as an exhibit to the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint as the Policy was not included as an exhibit to the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint as the Policy was not included as an exhibit to the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint as the Policy was not included as an exhibit to the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint as the Policy was not included as an exhibit to the Complaint.

33.     Admit the allegations contained in paragraph "33" of the Complaint.

34.     Admit the allegations contained in paragraph "34" of the Complaint.

35.     In response to paragraph "35", defendants admit that they base their claim, in part, on section 4.6 of the contract.  They also rely on Article 13 and the subcontract agreement rider.

36.     Deny the allegations contained in paragraph "36" of the Complaint.

37.     Deny the allegations contained in paragraph "37" of the Complaint.

38.     Deny the allegations contained in paragraph "38" of the Complaint.

39.     Deny the allegations contained in paragraph "39" of the Complaint.

40.     Deny the allegations contained in paragraph "40" of the Complaint.

## IN RESPONSE TO COUNT II

41.     Repeat and reallege the prior responses to the allegations as though fully set forth
at length herein in response to paragraph "41" of the Complaint.

42.     Admit the allegations contained in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph "43" of the Complaint as the Policy was not included as an
exhibit to the Complaint.

44.     Admit the allegations contained in paragraph "44" of the Complaint.

45.     Deny the allegations contained in paragraph "45" of the Complaint.

46.     Admit the allegations contained in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph "47" of the Complaint as the Policy was not included as an
exhibit to the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph "48" of the Complaint as the Policy was not included as an
exhibit to the Complaint.

49.     Admit the allegations contained in paragraph "49" of the Complaint.

50.     Admit the allegations contained in paragraph "50" of the Complaint.

51.     Deny the allegations contained in paragraph "51" of the Complaint.

52.     Deny the allegations contained in paragraph "52" of the Complaint.

## AS AND FOR A FIRST COUNTERCLAIM

1.      Plaintiff issued a policy of insurance naming LUX MAINTENANCE & REN. CORP. ("LUX") as the named insured. The policy was in full force and effect at the time of the underlying Rodriguez and Carabajo incidents.

2.      LUX agreed in a written contract to procure additional insured coverage for defendants.

3.      Plaintiff's policy of insurance includes a provision making entities additional insureds where required by contract.

4.      Defendants qualify as additional insureds under plaintiff's policy of insurance.

5.      Plaintiff is obligated to defend and indemnify defendants in the underlying Rodriguez and Carabajo actions, and to reimburse them for their defense costs.

## AS AND FOR A SECOND COUNTERCLAIM

1.      Plaintiff is obligated to defend and indemnify its named insured, Lux, in the underlying Rodriguez and Carabajo actions pursuant to the terms and conditions of the policy of insurance.

**WHEREFORE**, defendants demand judgment as follows:

1.      Dismissal of the Complaint in its entirety, with prejudice;

2.      That the Court enter a judgment declaring that plaintiff is obligated to defend and indemnify all defendants herein in the underlying Rodriguez and Carabajo actions; and

    3.    For such other, further or different relief as to the Court shall seem just,

proper and equitable, together with the costs and disbursements of this action.

DATED: June 4, 2018

                        STONBERG MORAN, LLP
                        Attorneys for Defendants
                        CORNELL UNIVERSITY, ROCKEFELLER
                        UNIVERSITY, THE SOCIETY OF THE NEW YORK
                        HOSPITAL, MEMORIAL HOSPITAL FOR
                        CANCER AND ALLIED DISEASES, and
                        MANHATTAN EYE EAR & THROAT HOSPITAL


                    By: _____
                        Michael L. Stonberg, Esq.
                        505 Eighth Avenue, Suite 2302
                        New York, New York   10018
                        (212) 231-2220
                        Our File No.: NCS 30342

TO:

TANNENBAUM HALPERN SYRACUSE & HIRSCHTRITT, LLP
Attorneys for Plaintiff
900 Third Avenue
New York, New York   10022
Attn: Richard Trotter, Esq.
(212) 508-7542