

**Tannenbaum Helpern
Syracuse & Hirschtritt** LLP

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

Richard W. Trotter
Writer's Direct Dial: (212) 508-7542
E-mail: Trotter@thsh.com

February 26, 2019

**Via ECF and FedEx**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**RE: United Specialty Insurance Company v. Lux Maintenance & Ren. Corp. et al.
Case No. 1:18-cv-03083-ER (the "Action")**

Dear Judge Ramos:

    We are counsel for Plaintiff United Specialty Insurance Company ("United"), and pursuant to Section (2)(A)(i) of Your Honor's Individual Practices, we write to request a pre-motion conference concerning United's impending motion for summary judgment in the above-referenced Action – which is essentially an insurance coverage dispute. On April 6, 2018, United filed its Complaint for Declaratory Judgment (ECF No. 2, the "Complaint") against Defendants Lux Maintenance & Ren. Corp. ("Lux"), Cornell University, Rockefeller University, the Society of the New York Hospital, Memorial Hospital for Cancer and Allied Diseases, and Manhattan Eye Ear & Throat Hospital (hereinafter collectively identified as the "Hospital Defendants") asserting two claims for declaratory judgment. On June 4, 2018, the Hospital Defendants filed their Answer and asserted two counterclaims seeking a declaration that United is obligated to defend and indemnify them in connection with the underlying litigation referenced therein. Despite being duly served with a copy of the Complaint on April 20, 2018, Defendant Lux has failed to appear, answer or otherwise defend this Action.[1]

    United and the Hospital Defendants have engaged in limited discovery tailored specifically to the relatively few, and generally uncontroversial, factual issues implicated by this coverage dispute, and any remaining factual issues relating to United's motion for summary

---

[1] On June 14, 2018, United filed a Request to Enter Default against Lux (ECF No. 33), which the Hospital Defendants opposed (ECF No. 36). In light of the Hospital Defendants' opposition, United decided not to take any further steps enter default judgment against Lux and now seeks summary judgment against all Defendants.

judgment can be conclusively established by reference to publicly available information. United's Motion for Summary Judgment is therefore appropriate and will be filed on the basis that adjudication of its requests for declaratory relief hinge on the legal interpretation of the clear and unambiguous language of a contractor-subcontractor agreement (the "Agreement") that identifies which parties are to be indemnified and given additional insured status under a commercial general liability policy (the "Policy") issued by United.

United asserts that the Hospital Defendants are not included as indemnitees or additional insureds in the Agreement, and are therefore not entitled to coverage under the Policy. The Hospital Defendants disagree. United's Motion for Summary Judgment will establish that there is no genuine dispute as to any material fact and United is entitled to declaratory judgment in its favor as a matter of law. New York courts have routinely granted summary judgment to insurer plaintiffs in declaratory judgment actions when the subject insurance policy contains language that unambiguously precludes coverage against a certain claim. U.S. Underwriters Ins. Co. v. Roka LLC, 2000 WL 1473607 (S.D.N.Y. 2000) (internal citations omitted); See e.g. Mt. Vernon Fire Ins. Co. v. Munoz Trucking Corp., 213 F.Supp.3d 594 (S.D.N.Y. 2016); U.S. Underwriters Ins. Co. v. Congregation B'Nai Israel, 900 F.Supp. 641 (E.D.N.Y. 1995).

United therefore requests a pre-motion conference with the Court so that it may proceed with its motion for summary judgment against Defendants.

Respectfully Submitted,

Richard W. Trotter

cc: Michael Stonberg, Esq. as Counsel for Hospital Defendants *via* ECF and electronic mail (mike.stonberg@stonbergmoran.com) and Lux Maintenance & Ren. Corp. *via* Certified Mail.