# STONBERG MORAN, LLP

Attorneys at Law
505 Eighth Avenue, Suite 2302
New York, New York   10018
Phone: (212) 231-2220
Fax: (646) 349-3528
www.stonbergmoran.com

March 1, 2019

**By ECF**
Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York   10007

   RE: United Specialty Insurance Company v. Lux Maintenance & Ren. Corp., Cornell University, Rockefeller University, The Society of the New York Hospital, Memorial Hospital for Cancer and Allied Diseases, and Manhattan Eye Ear & Throat Hospital
     Case No.: 1:18-cv-03083-ER
     Our File No.: NCS 30342

Honorable Judge Ramos:

  We represent defendants Cornell University, Rockefeller University, The Society of the New York Hospital, Memorial Hospital for Cancer and Allied Diseases, and Manhattan Eye Ear & Throat Hospital in the above matter. We submit this letter in response to plaintiff's request for a pre-motion conference. Defendants agree that a pre-motion conference should be scheduled.

  Defendants retained Brend Renovation Corp. ("Brend") to perform construction at their property. Brend subcontracted out a portion of the work to United Specialty's named insured, Lux Maintenance & Ren Corp. ("Lux"). Two Lux employees sustained injuries while working at defendants' property and brought claims against defendants alleging negligence and violations of New York's Labor Laws. Defendants tendered their defense to United Specialty, but United Specialty denied the tender and commenced this action.

  Lux agreed in its subcontract to name Brend and "the owner" as additional insureds. In a separate provision, Lux also agreed to maintain insurance "as will protect the contractor [Brend], all entities the contractor is required to indemnify and hold harmless, the owner, and their officers, directors, agents and employees, for claims arising out of or resulting from subcontractor's [Lux] work…" United Specialty admits in its complaint that its policy extends additional insured coverage where required by written contract.

  In Brend's contract with Sutton House Associated, Sutton House Associated is identified as the owner. Brend also agreed in the contract to indemnify "owner, owner's tenants, owner's managing agent, and their respective affiliates, principals, partners, members, shareholders,

officers, directors, agents, employees, servants, successors and assigns (hereinafter collectively referred to as "owner parties")..." It goes on to state that the "owner parties" shall be named as additional insureds on all policies maintained by Brend or Lux.

The Sutton House Associated Operating Agreement provides that the following entities are tenants in common of and to be collectively known as Sutton House Associated: Cornell University, Rockefeller University, The Society of New York Hospital, Memorial Hospital for Cancer and Allied Diseases, and Manhattan Eye Ear & Throat Hospital. These entities agreed to establish Sutton House Associated to operate and manage the property on their behalf.

Based on the foregoing, defendants will be cross-moving for a judgment declaring that United Specialty is obligated to defend and indemnify defendants in the underlying personal injury actions. Defendants' cross-motion will also seek reimbursement of all defense costs incurred in this action pursuant to *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21, 389 N.E.2d 1080, 416 N.Y.S.2d 559 (1979) and its progeny.

Respectfully submitted,

STONBERG MORAN, LLP

Michael L. Stonberg
*Mike.Stonberg@stonbergmoran.com*

cc by email:

TANNENBAUM HALPERN SYRACUSE
   & HIRSCHTRITT, LLP
Attorneys for Plaintiff
900 Third Avenue
New York, New York   10022
Attn:   Richard Trotter, Esq.
        Jason B. Klimpl, Esq.
(212) 508-7542