IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED SPECIALTY INSURANCE COMPANY,** : <br>       Plaintiff, : <br>        : <br> v. : <br>        : <br> **LUX MAINTENANCE & REN. CORP., CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL** : | **Civil Action – Complaint for Declaratory Judgment** <br><br> **Case No. 1:18-cv-03083-ER** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
UNITED SPECIALTY INSURANCE COMPANY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT……………………………………………………… 1

II. STATEMENT OF FACTS…………………………………………………………….. 2

III. ARGUMENT…………………………………………………………………………... 3

    A. UNITED IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR   DECLARATORY JUDGMENT AGAINST HOSPITAL DEFENDANTS…4

    B. UNITED IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY JUDGMENT AGAINST LUX…………………………………..7

IV. CONCLUSION……………………………………………………………………….. 9

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ............................................................ 3

*Calpine Producer Services, L.P. v. Wiser Oil Co.*, 169 S.W.3d 783 (Tex. App. 2005) ................. 4

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992) ........ 7

*Malmsteen v. Univ. Music Grp., Inc.*, 940 F.Supp.2d 123 (S.D.N.Y. 2013) ............................... 3, 6

*MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285 (S.D.N.Y. 2006) ................. 3

*Mt. Vernon Fire Ins. Co. v. Munoz Trucking Corp.*, 213 F.Supp.3d 594 (S.D.N.Y. 2016) ............ 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Fannin*, 257 F.Supp. 1017 (S.D. Ohio 1966) ....... 7

*Toto, Inc. v. Sony Music Entertainment*, 60 F.Supp.3d 407 (S.D.N.Y. 2014) ............................... 6

*U.S. Underwriters Ins. Co. v. Congregation B'Nai Israel*, 900 F.Supp. 641 (E.D.N.Y. 1995) ..... 4

*U.S. Underwriters Ins. Co. v. Roka LLC*, 2000 WL 1473607 (S.D.N.Y. Sept. 29, 2000) .............. 3

*U.S. Underwriters Ins. Co. v. Zeugma Corp.*, 1998 WL 633679 (S.D.N.Y. Sept. 15, 1998) ......... 3

*Wausau Bus. Ins. Co. v. Horizon Admin. Serv., LLC*, 803 F.Supp.2d 209 (E.D.N.Y. 2011) ......... 4

**Rules**

Fed. R. Civ. P. 56(c) ....................................................................................................................... 3

Fed. R. Civ. P. 8(b)(6) .................................................................................................................... 7

I.  **PRELIMINARY STATEMENT**

Plaintiff United Specialty Insurance Company ("United") seeks summary judgment in its favor on its action for declaratory relief against Defendants Cornell University ("Cornell"), Rockefeller University ("Rockefeller"), The Society of New York Hospital ("Society"), Memorial Hospital for Cancer and Allied Diseases ("Memorial"), Manhattan Eye Ear & Throat Hospital ("MEETH") (collectively, the "Hospital Defendants"), and Lux Maintenance & Ren. Corp. ("Lux").

United seeks a declaration by this Court that it has no duty to defend or indemnify the Hospital Defendants for the claims asserted in the lawsuits (the "Rodriguez Action"[1] and the "Carabajo Action"[2] separately, collectively the "Underlying Actions") filed by non-parties Leonard Favio Rodriguez ("Rodriguez") and Fredy Carabajo ("Carabajo") in the Supreme Court of the State of New York, County of Queens.

United further requests that this Court declare that United has no duty to defend or indemnify Lux for the claims or damages asserted in the third-party complaint (the "Third-Party Complaint") filed by Hospital Defendants in the Rodriguez Action.

---

[1] The "Rodriguez Action" shall refer to the civil action captioned as Rodriguez v. Cornell University, The Rockefeller University, the Society of the New York Hospital for Cancer and Allied Diseases, the Manhattan Eye, Ear and Throat Hospital, Rose Associates, Inc. and Brend Renovation Corporation, Index No. 6883-2016, and pending in the Supreme Court of the State of New York, County of Queens.

[2] The "Carabajo Action" shall refer to the civil action captioned as Carbajo v. Brend Renovation Corporation, Rose Associates Inc. and Cornell University, Index No. 14421-2016, and pending in the Supreme Court of the State of New York, County of Queens.

1

## II.   STATEMENT OF FACTS

The facts necessary for this Court to decide these matters on summary judgment are limited and not in dispute.

On June 2, 2014, non-party Brend Renovation Corp ("Brend") – a general contractor – was performing balcony and façade repairs (the "Work") at Sutton Terrace 450 East 63rd Street, New York, New York 10065 (the "Property") pursuant to an American Institute of Architects ("AIA") form Owner-Contractor agreement (the "Owner-Contractor Agreement") it entered with Sutton House Associated. Plaintiff's Statement of Uncontroverted Material Facts ("Pl. SUMF"), ¶ 2. On September 30, 2015, Brend entered into an AIA form Contractor-Subcontractor Agreement (the "Contractor-Subcontractor Agreement") with Lux, under the terms of which Lux agreed to perform the Work at the Property.  Pl. SUMF ¶ 3.

Rodriguez and Carabajo filed the Underlying Actions seeking damages for injuries suffered while they were performing the Work at the Property. Pl. SUMF, ¶¶ 4-5. The Rodriguez Action names the Hospital Defendants as defendants. Pl. SUMF, ¶ 7.  The Carabajo Action names Cornell as a defendant. Pl. SUMF, ¶ 8.

United is Lux's commercial general liability insurer. *See* Pl. SUMF, ¶ 1. United issued a commercial general liability policy (attached as Exhibit "A" to the Declaration of John Kolb [the "Kolb Decl."], the "Policy") to Lux, and the Policy was in effect at all times relevant hereto. *See* Pl. SUMF, ¶¶ 1, 4, 5.  The Hospital Defendants demanded a defense and indemnity from Lux and requested coverage under the Policy for the claims asserted against them in the Rodriguez Action.  Pl. SUMF, ¶¶ 9, 10. Cornell also demanded a defense and indemnity from Lux under the Policy for the claims asserted against it in the Carabajo Action.  Pl. SUMF, ¶ 10.

On September 7, 2017, the Hospital Defendants filed the Third-Party Complaint joining

Lux to the Rodriguez Action. Pl. SUMF, ¶ 22.  On November 1, 2017, United informed the Hospital Defendants that it denied their request for coverage under the Policy.  Pl. SUMF, ¶ 11.  On April 6, 2018, United commenced this litigation by filing a complaint in declaratory judgment against Hospital Defendants and Lux.

### III.    ARGUMENT

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Whether a fact is "material" is determined by the substantive law defining the claims.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Where parties on a summary judgment motion do not dispute a dispositive material fact, and merely disagree as to the consequence of that undisputed fact under the law, a question of law is presented for the court's interpretation and the court could not be on firmer ground in granting summary judgment as a matter of law." *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F. Supp. 2d 285, 305 (S.D.N.Y. 2006); s*ee also U.S. Underwriters Ins. Co. v. Zeugma Corp.*, No. 97-Civ-8031, 1998 WL 633679, at *2 (S.D.N.Y. Sept. 15, 1998) ("Summary judgment is appropriate where all facts are undisputed and only questions of law remain to be decided.").

Summary judgment is proper in a contract dispute when the language of the contract is wholly unambiguous. *Malmsteen v. Universal Music Grp., Inc.*, 940 F.Supp.2d 123, 130 (S.D.N.Y. 2013). Accordingly, New York courts grant summary judgment to insurer plaintiffs in declaratory judgment actions when the subject insurance policy contains language that unambiguously precludes coverage of a certain claim.  *See U.S. Underwriters Ins. Co. v. Roka LLC*, 2000 WL 1473607 (S.D.N.Y. Sept. 29, 2000); *see e.g. Mt. Vernon Fire Ins. Co. v. Munoz*

*Trucking Corp.*, 213 F.Supp.3d 594 (S.D.N.Y. 2016); *U.S. Underwriters Ins. Co. v. Congregation B'Nai Israel*, 900 F.Supp. 641 (E.D.N.Y. 1995).

New York law applies here. United is headquartered in Bedford, Texas and the Policy was issued to Lux in Brooklyn, New York (*see* Kolb Decl., Exhibit "A" at p. 1). Nevertheless, a conflict of law does not exist since basic principles of contract interpretation do not differ between the two states. *See Calpine Producer Services, L.P. v. Wiser Oil Co.*, 169 S.W.3d 783 (Tex. App. 2005). Even if there was a conflict of law, New York law would apply since New York is the state with the most significant contacts to the Policy. *See Wausau Bus. Ins. Co. v. Horizon Admin. Serv., LLC*, 803 F.Supp.2d 209, 216 – 17 (E.D.N.Y. 2011) (holding that New York law applied where the policy was issued in New York and the majority of the named insureds were New York domiciliaries, and insurer was authorized to do business in New York). Here, the Policy was issued in New York, the named insured (Lux) is a New York domiciliary, the Hospital Defendants are New York domiciliaries, and the insurer is authorized to do business in New York.

Adjudication of United's requests for declaratory relief hinge on the legal interpretation of the clear and unambiguous language of the Policy and the Contractor-Subcontractor Agreement that identifies which parties are to be indemnified and given additional insured status under the Policy.

**A.   UNITED IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY RELIEF AGAINST THE HOSPITAL DEFENDANTS**

Here, The Policy's insuring agreement states that United will pay sums that Lux becomes legally obligated to pay as damages because of bodily injuries caused by covered losses under the Policy. *See* Pl. SUMF, ¶ 24. The Policy includes a contractual liability exclusion (the "Contractual Liability Exclusion") which excludes coverage for any bodily injury for which Lux

4

may be held liable by reason of the assumption of liability in a contract or agreement. Pl. SUMF, ¶ 12 (citing Kolb Decl., Exhibit "A" at Section I (2)(b)). However, the Contractual Liability Exclusion does not apply to liability assumed in a contract that qualifies as an "insured contract" and where such bodily injury occurs subsequent to the execution of the "insured contract". Pl. SUMF, ¶ 13 (citing Kolb Decl., Exhibit "A" at Section I (2)(b)(2)).

>The Policy's definition of "insured contract" includes the following:
>
>> *That part any contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization, provided the 'Bodily injury' or 'property damage' is caused, in whole or in party, by you or those acting on your behalf.*

Pl. SUMF, ¶ 14 (quoting Kolb Decl., Exhibit "A" at Endorsement CG 24 26 07 04). In the Contractor-Subcontractor Agreement, Lux agrees to assume the tort liability of other entities provided that the bodily injury is caused by Lux. *See* Pl. SUMF, ¶ 18 (citing the Declaration of Gabriel T. Montemuro ["Montemuro Decl."], Exhibit "A" at ¶ 35, Exhibit "B" at ¶ 35; Kolb Decl., Exhibit "B" at § 4.6 and Article 13). Accordingly – and assuming Rodriguez's and Carabajo's injuries were caused by Lux or Lux employees – the Policy would provide coverage to the Hospital Defendants <u>only if</u> the Hospital Defendants are identified as entities to be insured by Lux in the Contractor-Subcontractor Agreement. But they are not. *See* Pl.'s SUMF, ¶ 20 (citing Kolb Decl., Exhibit "B" at p. 1).

The Hospital Defendants each own a fraction of the legal title to the Property. Pl. SUMF, ¶ 6 (citing Montemuro Decl., Exhibits "A" and "B"). Sections 4.6 and Article 13 of the Contractor-Subcontractor Agreement state that Lux shall indemnify and hold harmless the

"Owner" and any of its agents or employees against claims attributable to bodily injury arising from the performance of Lux's work thereunder to the extent that such injury is caused by negligent acts or omissions of Lux. Pl. SUMF, ¶ 18 (Montemuro Decl., Exhibits "A" and "B"; Kolb Decl., Exhibits "B" and "C"). The Hospital Defendants argue that they are entitled to coverage under the Policy based on the language of § 4.6 and Article 13, and their status as partial owners of the legal title of the Property.

Ambiguity in the language of a contract is defined in terms of whether a reasonably intelligent person viewing the contract objectively could interpret the language in more than one way. *Malmsteen*, 940 F.Supp.2d at 130. No ambiguity exists where the contract language has a definite and precise meaning. *Toto, Inc. v. Sony Music Entertainment*, 60 F.Supp.3d 407, 413 (S.D.N.Y. 2014). A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties. *Malmsteen*, 940 F.Supp.2d at 130.

Here, the term "Owner" is a defined term with a definite and precise meaning in the Owner-Contractor Agreement and the Contractor-Subcontractor Agreement. *See* Pl. SUMF ¶¶ 19, 20 (citing Montemuro Decl., Exhibit "E" and Kolb Decl., Exhibit "B"). The Owner-Contractor Agreement unambiguously defines the term "Owner" as "Sutton House Associated, 450 East 63rd Street/1161 York Avenue, New York, NY 10065." Pl. SUMF, ¶ 19 (citing Montemuro Decl., Exhibit "E"). The Contractor-Subcontractor Agreement unambiguously defines the term "Owner" as "Sutton House Terrace Associates, Inc. c/o Rose Associates, 200 Madison Ave, 5th Floor, New York, NY 10016." Pl. SUMF, ¶ 20 (citing Kolb Decl., Exhibit "B"). Neither Sutton House Terrace Associates nor Sutton House Associated are parties to the Underlying Actions.

The Owner-Contractor Agreement and the Contractor-Subcontractor Agreement are unambiguous, and the Hospital Defendants are not included within the definition of "Owner" under either contract.  Pl. SUMF, ¶ 21 (citing Montemuro Decl., Exhibit "E" at p. 1 and its General Conditions at § 2.1; Kolb Decl., Exhibit "B" at p. 1).  Accordingly, there is no genuine issue as to any material fact and United is entitled to declaratory judgment in its favor as a matter of law.

The Hospital Defendants are not entitled to coverage under the Policy.

### B. UNITED IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY RELIEF AGAINST LUX

Lux was served through the New York Secretary of State on April 20, 2018.   Pl. SUMF, ¶ 31.  However, Lux has failed to appear, answer the Complaint or otherwise defend this action.[3]  Pl. SUMF, ¶ 32 (citing Montemuro Decl., Exhibit "J").

Federal district courts have applied Fed. R. Civ. P. 8(b)(6) to admit as truth all allegations of an insurer's declaratory judgment action when the insured fails to file a responsive pleading. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Fannin*, 257 F.Supp. 1017, 1022 (S.D. Ohio 1966). A party's default is deemed to constitute a concession of all well pleaded allegations. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992).

Thus, all allegations in the Complaint as to United's request for declaratory relief against Lux are deemed admitted for purposes of this Motion.  But even if Lux answered the Complaint, there would be no genuine issue as to material fact that United is not obligated to cover Lux against the Third-Party Complaint.

---

[3] On June 14, 2018, United filed a Request to Enter Default against Lux (ECF No. 33), which the Hospital Defendants opposed.  In light of the Hospital Defendants' opposition, United decided not to take any further steps to enter default judgment against Lux and now seeks summary judgment against all Defendants.  Despite United's proper service of Lux, and despite Lux's failure to appear, counsel for United mailed a copy of its summary judgment papers to Lux's designated agent for service of process.  (*See* Notice of Motion and Motion, ECF No. 43.)

In the Third-Party Complaint filed in the Rodriguez Action, the Hospital Defendants asserted five causes of action against Lux, identified as follows: Contractual Indemnification ("Count I"), Common Law Indemnification ("Count II"), Contribution ("Count III"), Breach of Contract ("Count IV"), Defense and Indemnity ("Count V").  Pl. SUMF, ¶ 23 (citing Montemuro Decl., Exhibits "A", "B", and "H").

The Policy unambiguously states that it insures Lux against sums that Lux becomes obligated to pay as damages because of "'bodily injury' or 'property damage' to which the insurance applies." Pl. SUMF, ¶ 24 (citing Kolb Decl., Exhibit "A").

Counts I, IV, and V are breach of contract claims and do not allege bodily injury or property damage.  Pl. SUMF, ¶ 25 (citing Montemuro Decl., Exhibit "H" at ¶¶ 34 – 62, 101 – 143, 144 – 198).  Thus, the Policy does not provide coverage for Lux against Counts I, IV, and V.

In Counts II and III, the Hospital Defendants allege that Lux is liable to them based on common law principles of indemnification and contribution. Pl. SUMF, ¶ 26 (citing Montemuro Decl., Exhibits "A", "B", and "E").  Counts II and III further allege that, at all times relevant thereto, Rodriguez was an employee of Lux and was injured while performing work on behalf of Lux at the Property.  Pl. SUMF, ¶¶ 29, 30 (citing Montemuro Decl., Exhibits "A", "B", and "H" at ¶¶ 9, 10, 11, 63, 82).

The Policy unambiguously excludes coverage for any obligation Lux has to share damages or to repay someone else for damages arising from bodily injury to a Lux employee arising out of Lux's employment or performing duties related to Lux's business.  Pl. SUMF, ¶ 27, 28 (citing Kolb Decl., Exhibit "A" at Section I(2)(e)). Therefore, the Policy does not provide coverage for Lux against Counts II or III.

8

United's duty to defend Lux under the Policy is not triggered by any of the five (5) causes of action asserted against Lux in Hospital Defendants' Third-Party Complaint. Accordingly, United requests that this Court enter summary judgment in its favor and declaring that United has no duty to defend or indemnify Lux for the claims or damages asserted in the Third-Party Complaint.

## IV.    CONCLUSION

For the foregoing reasons, United respectfully requests that this Court grant its motion for summary judgment.

DATED:  APRIL 8, 2019

RESPECTFULLY SUBMITTED,

/S/ WILLIAM T. MACMINN

_____

WILLIAM T. MACMINN
GABRIEL T. MONTEMURO
ANTHEIL MASLOW & MACMINN, LLP
131 W. STATE STREET
PO BOX 50
DOYLESTOWN, PA 18901
T: 215-230-7500
F: 215-230-3327
WMACMINN@AMMLAW.COM
GMONTEMURO@AMMLAW.COM
Attorneys for Plaintiff
Admitted pro hac vice

/S/ RICHARD W. TROTTER

_____

RICHARD W. TROTTER
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT, LLP
900 THIRD AVENUE
NEW YORK, NY 10023
T: (212) 508-7542
TROTTER@THSH.COM