IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | : |
| Plaintiff, | : Civil Action – Complaint for Declaratory |
| | : Judgment |
| v. | : |
| | : Case No. 1:18-cv-03083-ER |
| LUX MAINTENANCE & REN. CORP., CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL | : Plaintiff's Statement of Material Facts pursuant to Local Civil Rule 56.1 in support of its Motion for Summary Judgment |

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

**I. Uncontroverted Material Facts as to Summary Judgment against Hospital Defendants and Defendant Lux**

1. The commercial general liability insurance policy (the "Policy") issued by Plaintiff to Defendant Lux Maintenance & Ren. Corp. ("Lux") was effective from August 14, 2015 to August 14, 2016. Declaration of John Kolb ("Kolb Decl."), Exhibit "A".

2. On June 2, 2014, Brend Renovation Corp ("Brend") entered an American Institute of Architects ("AIA") form Owner-Contractor agreement (the "Owner-Contractor Agreement") with Sutton House Associated to perform balcony and façade repairs (the "Work") at Sutton Terrace 450 East 63rd Street, New York, New York 10065 (the "Property"). Declaration of Gabriel T. Montemuro ("Montemuro Decl."), Exhibit "E", Exhibit "A" at ¶ 13, Exhibit "B" at ¶ 13, Exhibit "C" at ¶ 1, Exhibit "D" at ¶ 1.

1

3.      On September 30, 2015, Brend entered into an AIA form Contractor-Subcontractor Agreement under the terms of which Lux agreed to perform the Work at the Property. Kolb Decl., Exhibit "B"; Montemuro Decl., Exhibit "A" at ¶ 14, Exhibit "B" at ¶ 14.

4.      In the underlying lawsuit (the "Rodriguez Action")[1] filed by non-party Leonard Favio Rodriguez ("Rodriguez") for injuries suffered while performing work on the Property, the applicable date of loss is January 29, 2016. Montemuro Decl., Exhibit "F". *See also* Montemuro Decl., Exhibit "A" at ¶¶ 16, 18, Exhibit "B" at ¶¶16, 18.

5.      In the underlying lawsuit (the "Carabajo Action")[2] filed by non-party Fredy Carabajo ("Carabajo") for injuries suffered while performing work on the Property, the applicable date of loss is October 19, 2015.  Montemuro Decl., Exhibit "G". *See also* Montemuro Decl., Exhibit "A" at ¶¶ 17, 19, Exhibit "B" at ¶¶ 17, 19.

6.      Cornell University ("Cornell"), Rockefeller University ("Rockefeller"), The Society of New York Hospital ("Society"), Memorial Hospital for Cancer and Allied Diseases ("Memorial"), and Manhattan Eye Ear & Throat Hospital ("MEETH") (hereinafter collectively referred to as the "Hospital Defendants") each own a fraction of the legal title to the Property. Montemuro Decl., Exhibit "A" at ¶ 33, Exhibit "B" at ¶ 33.

7.      The Rodriguez Action names as defendants, among other entities, Cornell, Rockefeller, Society, Memorial, and MEETH. Montemuro Decl., Exhibit "A" at ¶ 20, Exhibit "B" at ¶ 20.

8.      The Carabajo Action names as defendants, among other entities, Cornell. Montemuro Decl., Exhibit "A" at ¶ 21, Exhibit "B" at ¶ 21.

---

[1] Supreme Court of the State of New York, County of Queens, Index No. 6883-2016.

[2] Supreme Court of the State of New York, County of Queens, Index No. 14421-2016.

**II. Uncontroverted Material Facts as to Summary Judgment against Hospital Defendants**

9. Rockefeller, Society, Memorial, and MEETH demanded a defense and indemnity from Lux and requested coverage under the Policy for the claims asserted against them in the Rodriguez Action. Montemuro Decl., Exhibit "A" at ¶ 22, Exhibit "B" at ¶ 22.

10. Cornell demanded a defense and indemnity from Lux and requested coverage under the Policy for the claims asserted against it in both Underlying Actions. Montemuro Decl., Exhibit "A" at ¶ 23, Exhibit "B" at ¶ 23.

11. On November 1, 2017, United informed the Hospital Defendants that it denied their request for coverage under the Policy. Montemuro Decl., Exhibit "A" at ¶ 25, Exhibit "B" at ¶25.

12. The Policy includes a contractual liability exclusion (the "Contractual Liability Exclusion") which excludes coverage for any bodily injury for which Lux may be held liable by reason of the assumption of liability in a contract or agreement. Kolb Decl., Exhibit "A" at Section I (2)(b).

13. However, the Contractual Liability Exclusion does not apply to liability assumed in a contract that qualifies as an "insured contract" and such bodily injury occurs subsequent to the execution of the "insured contract." Kolb Decl., Exhibit "A" at Section I (2)(b)(2).

14. The Policy defines an "insured contract", in relevant part, as follows:
*That part of any contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization, provided the 'Bodily injury' or 'property damage' is caused, in whole or in party, by you or those acting on your behalf.* Kolb Decl., Exhibit "A"at Endorsement CG 24 26 07 04.

15. The Policy provides that it will name organizations as additional insureds "When Required by Written Contract." Kolb Decl., Exhibit "A" at Endorsement CG 20 10 10 01.

16. The Contractor-Subcontractor Agreement is an "insured contract" under the Policy. *See* Kolb Decl., Exhibit "A" at Endorsement CG 24 26 07 04; *See also* Kolb Decl., Exhibit "B" at § 4.6.

17. The Hospital Defendants requested coverage under the Policy on the basis that, as partial owners of the Property, each of them is entitled to coverage under the Policy based upon the terms of the Contractor-Subcontractor Agreement. Montemuro Decl., Exhibit "A" at ¶ 34, Exhibit "B" at ¶ 34.

18. The claim of the Hospital Defendants is based upon sections 4.6 and Article 13 of the Contractor-Subcontractor Agreement and the Subcontract Agreement Rider, which in conjunction state that Lux shall indemnify and hold harmless the "Owner" and any of its agents or employees against claims attributable to bodily injury arising from the performance of Lux's work thereunder to the extent that such injury is caused by negligent acts or omissions of Lux. Montemuro Decl., Exhibit "A" at ¶ 35, Exhibit "B" at ¶ 35; Kolb Decl., Exhibit "B" at § 4.6 and Article 13, Exhibit "C".

19. The Owner-Contractor Agreement defines the term "Owner" as "Sutton House Associated, 450 East 63rd Street/1161 York Avenue, New York, NY 10065." Montemuro Decl., Exhibit "E" at p. 1 and its General Conditions at § 2.1.

20. The Contractor-Subcontractor Agreement defines the term "Owner" as "Sutton House Terrace Associates, Inc. c/o Rose Associates, 200 Madison Ave, 5th Floor, New York, NY 10016." Kolb Decl, Exhibit "B" at p. 1.

21.     The Hospital Defendants are not included within the definition of "Owner" under either contract. Montemuro Decl., Exhibit "E" at p. 1 and its General Conditions at § 2.1; Kolb Decl., Exhibit "B" at p. 1.

**III. Uncontroverted Material Facts as to Summary Judgment against Defendant Lux**

22.     On or about September 7, 2017, the Hospital Defendants filed a third-party complaint (the "Third-Party Complaint"), joining Lux to the Rodriguez Action. Montemuro Decl., Exhibit "A" at ¶ 24, Exhibit "B" at ¶ 24, Exhibit "H".

23.     The Hospital Defendants' Third Party Complaint includes five claims against Lux: Contractual Indemnification ("Count I"), Common Law Indemnification ("Count II"), Contribution ("Count III"), Breach of Contract ("Count IV"), and Defense and Indemnity ("Count V").  Montemuro Decl., Exhibit "A" at ¶ 42, Exhibit "B" at ¶ 42, Exhibit "H" *passim*.

24.     The Policy's insuring agreement states that United will pay sums that Lux becomes legally obligated to pay as damages because of "'bodily injury' or 'property damage' to which this insurance applies." Kolb Decl., Exhibit "A" at Section I(1)(a).

25.     Counts I, IV, and V are breach of contract claims and do not allege bodily injury or property damage to which coverage under the Policy applies.  Kolb Decl., Exhibit "A" at Section I(1)(a); Montemuro Decl., Exhibit "H" at ¶¶ 34 – 62, 101 – 143, 144 – 198.

26.     In Counts II and III, the Hospital Defendants allege that Lux is liable to them based on common law principles of indemnification and contribution.  Montemuro Decl., Exhibit "A" at ¶ 46, Exhibit "B" at ¶ 46, Exhibit "H".

27.     The Policy contains an employer's liability exclusion (the "Employer's Liability Exclusion") which excludes from coverage any claims of bodily injury to a Lux employee

arising out of Lux's employment or the claimant performing duties related to Lux's business. Kolb Decl., Exhibit "A" at Section I(2)(e).

28. The Policy expressly provides that the Employer's Liability Exclusion applies to any "obligation to share damages with or repay someone else who must pay damages because of the injury." Kolb Decl., Exhibit "A" at Section I(2)(e).

29. The Third Party Complaint alleges, in Counts II and III that, at all times relevant thereto, Rodriguez was an employee of Lux. Montemuro Decl., Exhibit "A" ¶ 49, Exhibit "B" at ¶ 49, Exhibit "H" at ¶¶ 9, 63, 82.

30. Counts II and III allege that Rodriguez was injured while performing work on behalf of Lux at the Property. Montemuro Decl., Exhibit "A" at ¶ 50, Exhibit "B" at ¶ 50, Exhibit "H" at ¶¶ 10, 11, 63, 82.

31. Defendant Lux was served with Plaintiff's Complaint in the above-captioned matter on April 20, 2018. Montemuro Decl., Exhibit "I".

32. To date, Lux has failed to appear or answer the Complaint, and on June 14, 2018, Plaintiff filed a Request to Enter Default against Lux. Montemuro Decl., Exhibit "J".

DATED: APRIL 8, 2019

/s/ WILLIAM T. MACMINN
_____
WILLIAM T. MACMINN
GABRIEL T. MONTEMURO
ANTHEIL MASLOW & MACMINN, LLP
131 W. STATE STREET
PO BOX 50
DOYLESTOWN, PA 18901
T:215-230-7500
F:215-230-3327
WMACMINN@AMMLAW.COM
GMONTEMURO@AMMLAW.COM
Attorneys for Plaintiff
Admitted pro hac vice

/S/ RICHARD W. TROTTER

———————————————

RICHARD W. TROTTER
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT, LLP
900 THIRD AVENUE
NEW YORK, NY 10023
T: (212) 508-7542
TROTTER@THSH.COM