IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED SPECIALTY INSURANCE
COMPANY,
    Plaintiff,

v.

LUX MAINTENANCE & REN. CORP.,
CORNELL UNIVERSITY,
ROCKEFELLER UNIVERSITY, THE
SOCIETY OF THE NEW YORK
HOSPITAL, MEMORIAL HOSPITAL
FOR CANCER AND ALLIED DISEASES,
and MANHATTAN EYE EAR &
THROAT HOSPITAL

Case No. 1:18-cv-03083-ER

# MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STONBERG MORAN, LLP
Attorneys for Defendants
CORNELL UNIVERSITY, ROCKEFELLER
UNIVERSITY, THE SOCIETY OF THE NEW
YORK HOSPITAL, MEMORIAL HOSPITAL
FOR CANCER AND ALLIED DISEASES,
and MANHATTAN EYE EAR &
THROAT HOSPITAL
505 Eighth Avenue, Suite 2302
New York, New York  10018
(212) 231-2220
Our File No.: NCS 30342

## I. PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the Cross Motion for Summary Judgment submitted by Defendant Owners Cornell University, Rockefeller University, The Society of The New York Hospital, Memorial Hospital For Cancer And Allied Diseases, and Manhattan Eye Ear & Throat Hospital (collectively "Defendants") and in opposition to Plaintiff's Motion for Summary Judgment. In brief, the Defendants are entitled to additional insured coverage from Plaintiff United Specialty Insurance Company ("USIC") because they are the owners of the Premises where the Accident occurred and the Owners anticipated by the contract between Lux Maintenance and Ren Corp. ("Lux") and Brend Renovation Corp. ("Brend"). In addition, Lux is entitled to insurance coverage from Plaintiff for the contractual indemnification claims asserted against Lux in the underlying suits. Therefore, it is respectfully requested that Defendants' cross motion be granted and Plaintiff's motion denied.

## II. STATEMENT OF FACTS

This matter arises out of two accidents that occurred at the premises located at 450 East 63rd St./1161 York Avenue (the "Premises") during façade renovations and the lawsuits arising therefrom:

    a. Fredy Carabajo ("Carabajo") v. Brend Renovation et. al. (Supreme Court of the State of New York, County of Queens, Index No. 14421-2016) (Carabajo Suit"); Carabajo alleges that he was injured on October 19, 2015; See Exhibit "A" to the Affidavit of Michael L. Stonberg ("Stonberg Aff"); and

b. Leonard Rodriguez ("Rodriguez") v. Cornell University et. al. (Supreme Court State of New York, County of Queens, Index No. 0006883-2016) ("Rodriguez Suit"). Rodriguez alleges that he was injured on January 29, 2016. See Exhibit "B" to the Stonberg Aff. (Collectively, these will be referred to as the "Underlying Suits").

A third party action was filed in the Rodriguez Suit against Lux Maintenance Corp. ("Lux"). See Exhibit "H" to the Declaration of Gabriel Montemuro ("Montemuro Dec"). The Third party action in the Rodriguez Suit alleges, *inter alia*, that Lux is obligated to contractually indemnify the defendants in the Rodriguez Action. See Exhibit "H" to Montemuro Dec, paragraphs 34-62. As an example, paragraph 51 alleges:

> 51. Upon information and belief, if and in the event a judgment is rendered against Cornell, Cornell is entitled to contractual indemnification from Lux relative to any such judgment together with the costs, disbursements, expenses and recoverable counsel fees of this action.

See Exhibit "H" to the Montemuro Dec. paragraph 51.

Prior to the accidents, the Defendants contracted with Brend for Brend to perform renovations to the façade of the Premises. *See* Exhibit "C" to the Stonberg Aff, Affidavit of Kevin Rakowsky, and Exhibit 2, thereto, contract between Brend and Sutton House Associated ("Contract"). The Contract requires Brend to indemnify "owner, owner's tenants, owner's managing agent, and their respective affiliates, principals, partners, members, shareholders, officers, directors, agents, employees, servants, successors and assigns (hereinafter collectively referred to as "owner parties") arising out of Brend's work (See Exhibit "C" to the Stonberg Aff, Exhibit "2", article 10.3.3). The Contract also required Brend to procure insurance naming the "owner" as an additional insured. (Exhibit "C" to the Stonberg Aff, Exhibit "2"; Insurance Requirement Rider).

Brend subcontracted certain work to Lux Maintenance and Ren Corp. ("Lux") pursuant to a subcontract ("Subcontract") which identifies, as the Owner, Sutton Terrace Associated and sets forth the following:

> Article 1 The Subcontract Documents
>
> 1.1 The Subcontract Documents consist of (1) this agreement; (2) the Prime Contract consisting of the Agreement between the Owner and Contractor and the other contract Documents enumerated therein.

See Exhibit "D" to the Stonberg Aff.

The Subcontract requires Lux to "procure and maintain . . .such insurance as will protect the Contractor, all entities the Contractor is required to indemnify and hold harmless, the Owner . . .for claims arising out of or resulting from Subcontractor's work." See Exhibit "D" to the Stonberg Aff. The Subcontract then specifies that such insurance must include additional insured coverage for the benefit of Brend and the Owner. See Exhibit "D" to the Stonberg Aff.

The Premises is owned by six entities: the defendants herein and the New York Society for the Relief of the Ruptured/Crippled. See Exhibit "E", to the Stonberg Aff, Deed; Exhibit "C" to the Stonberg Aff. Affidavit of Rakowski. A "Staff House Agreement, entered into by all six owner entities, specifies as follows:

> Article 2. Name. The institutions, as tenants in common of said premises, and for all of the transactions and affairs contemplated by this Agreement, shall be collectively known as "Sutton House Associated"

See Exhibit "C" to the Stonberg Aff,, Affidavit of Kevin Rakowski and Exhibit "1" thereto.

Over the years, the defendants used the phrase "Sutton House Associates" and "Sutton Terrace Associates" interchangeably. Both are d/b/a's for all six entities which own the Premises. See Exhibit "C" to the Stonberg Aff. Affidavit of Rakowski.

USIC issued a policy of insurance to Lux that contained the following endorsement:

ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART SCHEDULE

Name of Person or Organization: When Required by Written Contract.

A. Section II – Who Is An Insured is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

Exhibit "B" to USIC's motion, CG 2010 form.

The phrase "insured contract" is not referenced at all in the above endorsement. *Id.*

The USIC Policy insures Lux for damages for bodily injuries caused by an occurrence. Exhibit "B" to USIC's motion, form CG 00 01 04 13 page I, section I(A)(1)(a). The USIC Policy excludes coverage for injuries to employees but excepts from the employee exclusion and therefore provides coverage for liability assumed by the insured under an "insured contract". Exhibit "A" to Plaintiff's Motion, Kolb Affidavit, page 2 of 16 form C 00 01 04 13, Exclusion (e)).

Similarly, while the USIC excludes coverage for contractual liability, it excepts from the exclusion and therefore applies to liability "assumed in a contract or agreement that is an "insured contract". *Id.* Exclusion (b). The USIC Policy defines, as an "insured contract":

> f. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person, provided the "bodily injury" is caused, in whole or in part, by you or those acting on your behalf." Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

*Id.*, Endorsement "Amendment of Insured Contract Definition.

USIC instituted the within suit, seeking a declaration that it owes no coverage to the defendants herein for the Underlying Suits.

## ARGUMENT

## POINT I

## USIC OWES ADDITIONAL INSURED COVERAGE TO THE DEFENDANTS

As noted above, the Subcontract requires Lux to procure insurance providing additional insured coverage to the "Owner". Since the "owner" identified in the Subcontract was a d/b/a for the defendants, they qualify as additional insureds entitled to coverage for the Underlying Lawsuits. *See, e.g., Unified Window Systems Inc. v. Endurance American Specialty Ins. Co.* 149 A.D.3d 1009 (2d Dept. 2017); *Madison 96th Assoc., LLC v. 17 East Owners Corp.*, 117 A.D.3d 482 (1sst Dept. 2014).

Separate and apart from this, the Subcontract included the Contract between Brend and Sutton House and required Lux to procure insurance protecting all entities that Brend was required to indemnify and hold harmless. The Contract requires Brend to indemnify "owner, owner's tenants, owner's managing agent, and their respective affiliates, principals, partners, members, shareholders, officers, directors, agents, employees, servants, successors and assigns (hereinafter collectively referred to as "owner parties")…" Since defendants are affiliates of Sutton Terrace Associates, they are also entitled to additional insured coverage. *See, e.g., Arner v. RREEF American, LLC*, 121 A.D.3d 450, 451 (1st Dept. 2014) ("Adelphi's contract required it to procure insurance "protecting all the Owner Entities ... against liabilities arising out of the operations of [Adelphi]." Adelphi procured insurance in the specified amounts, and the additional insured endorsement provides coverage for organizations "[a]s required by written contract signed by both parties prior to loss."); *Christ the King Regional High School v. Zurich Ins. Co. of North America*, 91 A.D.3d 806 (2d Dept. 2012) (holding that a contract requiring a contractor to provide a school with a certificate of insurance "freeing the school of all

liability" would be rendered meaningless if it was not read as requiring additional insured coverage). Here, the provision in the Subcontract requiring Lux to procure insurance protecting all entities Brend is required to defend and indemnify would be rendered meaningless if it was not construed as requiring Lux to provide additional insured coverage to those entities, which includes Defendants, as owners of the Premises. Therefore, for this reason as well, USIC owes additional insured coverage to Defendants for the Underlying Suits.

In its motion, Plaintiff continually references the definition of "insured contract" in what appears to be an attempt to restrict the coverage afforded to Defendants under the USIC Policy. The additional insured endorsement in the USIC Policy does not use or reference the phrase "insured contract". The only place that phrase is used is in the exception to the contractual liability exclusion which Plaintiff concedes is not applicable to Defendants. Therefore, Plaintiff's reference to the "insured contract" definition and the contractual liability exclusion is irrelevant as respects the coverage Plaintiff owes defendants, as neither restricts the additional insured coverage due and owing to Defendants.

Because the Defendants are the "Owners", they are entitled to additional insured coverage for liability which "arises out of" Lux's work. Since both underlying claimants are employees of Lux, the Defendants' liability arises out of Lux's work as a matter of law. *Hunter Roberts Construction Group v. Arch Ins. Co.*, 75 A.D.3d 404, 408 (1st Dept. 2010) ("Where, as here, the loss involves an employee of the named insured, who is injured while performing the named insured's work under the subcontract, there is a sufficient connection to trigger the additional insured "arising out of" operations' endorsement and fault is immaterial to this determination."); *Regal Constr. Co. v. National Union*, 15 N.Y.3d 34 (2010); *See also, Brothers v. Excelsior Ins. Co.*, 2018 WL 1750468 (EDNY 2018).

Plaintiff suggests that even if the Defendants were owners, they would only be entitled to additional insured coverage if Rodriguez' and Carabajo's injuries were "caused by" Lux. (Brief page 5). The additional insured endorsement does not use the phrase "caused by" however. Based on *Burlington Ins. Co. v. NYC Transit Authority*, 29 N.Y.3d 313 (2017), therefore, having concluded that the defendants are the "owners", and that the underlying claimants are employees of Lux, USIC owes both a defense and indemnification to the defendants in the Underlying Suits.

As such, it is respectfully submitted that Defendants are entitled to additional insured coverage from USIC for the Underlying Suits; and therefore, Defendants' cross motion must be granted and Plaintiff's motion must be denied.

## POINT II

### PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT AGAINST LUX SINCE THE UNDERLYING SUITS HAVE NOT BEEN TRIED AND SINCE THOSE SUITS MUST DETERMINE IF LUX CAUSED, IN WHOLE OR IN PART, THE INJURIES SUSTAINED BY CARABAJO AND RODRIGUEZ

Although Lux has not answered in this action, Defendants, as interested parties, have the right to oppose that part of Plaintiff's motion directed against Lux by way of N.Y. Ins. Law 3420 and *3405 Putnam Realty Corp. v. Ins. Corp. of New York*, 36 A.D.3d 565 (1st Dept. 2007). To that end, a careful reading of Plaintiff's policy shows that it provides coverage for the contractual indemnification claims asserted by Defendants against Lux in the Underlying Suit. It is within this context that the definition of "insured contract" becomes relevant.

As noted above, the USIC Policy insures Lux for damages for bodily injuries caused by an occurrence and excludes coverage for injuries to employees but excepts from the employee exclusion and therefore provides coverage for liability assumed by the insured under an "insured contract". Exhibit "A" to Plaintiff's Motion, Kolb Affidavit, page 2 of 16 form C 00 01 04 13,

Exclusion (e)). Similarly, while the USIC Policy excludes coverage for contractual liability, it excepts from the exclusion and therefore applies to liability "assumed in a contract or agreement that is an "insured contract". *Id.* Exclusion (b).

The USIC Policy defines, as an "insured contract":

> f. That part of any other contract or agreement pertaining to your business . . .under which you assume the tort liability of another party to pay for "bodily injury" . . .to a third person, provided the "bodily injury" is caused, in whole or in part, by you or those acting on your behalf." Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

The agreement by Lux to indemnify Brend and the Defendants is an agreement under which Lux agreed to assume a liability it would not have otherwise owed based on NY Work. Comp. Law §11. *See, e.g. Jacuzzi Inc. v. Atlantic Cas. Ins. Co.*, 2010 WL 1848861 (EDNY 2010); *A. Servidone v. Commercial Underwriters' Ins. Co.*, 7 A.D.3d 942 (3rd Dept. 2004).

Count I of the Third Party Suit against Lux in the Rodriguez action alleges not "breach of contract" as Plaintiff contends, but that Lux owes the Defendants contractual indemnification. *See* Exhibit "G" to Plaintiff's motion.

Therefore, USIC insures Lux for the contractual liability claims asserted against it in the Underlying Suits, provided that the injury was "caused in whole or in part" by Lux. As the Court of Appeals held in *Burlington, supra,* the phrase "caused in whole or in part" refers to the acts or omissions of Lux. Whether Lux caused, in whole or in part, the injuries sustained in the Underlying Suits cannot be decided in the within action. Rather, the Court of Appeals has held that it must be decided by the court in the Underlying Actions. *Spoor Lasher co., Inc. v. Aetna Cas. & Sur. Co.*, 39 N.Y.2d 875 (1976).

Therefore, Plaintiff is obligated to defend Lux in the third party suit filed by Rodriguez and will be obligated to indemnify Lux if it is determined that Lux caused, in whole or in party,

Rodriguez' injuries. As a result, Plaintiff's motion for summary judgment as against Lux must be denied.

### POINT III

### DEFENDANTS ARE ENTITLED TO THE ATTORNEY'S FEES THEY INCURRED TO DEFEND THIS ACTION

It is well settled that when an insurer sues its insured to obtain a declaration of non coverage and loses, the insurer is obligated to pay the insured's legal fees. *US Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597 (2004) ("[A]n insured who is "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations," and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action.") *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 22 (1979). This is true even when the insured asserts a counterclaim, since the only reason such counterclaim is asserted is to defend the suit by the insurer. *American Home v. Port Authority*, 123 A.D.3d 633 (1st Dep't 2014).

As such, Defendants seek recovery for the legal fees they expended and their counsel will produce those invoices at a hearing to be held after this motion is decided.

### CONCLUSION

By reason of the foregoing, USIC owes Defendants a duty to defend and indemnify them in the Underlying Suits. Therefore, Defendants are entitled to summary judgment; a declaration that USIC must defend and indemnify defendants in the Underlying Suits; and an award of attorney's fees; and USIC's motion must, respectfully, be denied. In addition, USIC also owes a defense and indemnification to Lux for the contractual indemnification claims asserted against it; and USIC's motion as against Lux must also be denied.

WHEREFORE, it is respectfully requested that this Court grant Defendants' Cross-Motion for Summary Judgment in its entirety; award Defendants' attorney's fees; and deny Plaintiff's Motion for Summary Judgment in its entirety.

Dated: New York, New York
May 6, 2019

                STONBERG MORAN, LLP
                Attorneys for Defendants
                CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL

By: _____
Michael L. Stonberg, Esq.
505 Eighth Avenue, Suite 2302
New York, New York 10018
(212) 231-2220
Our File No.: NCS 30342

TO:

TANNENBAUM HALPERN SYRACUSE & HIRSCHTRITT, LLP
Attorneys for Plaintiff
900 Third Avenue
New York, New York 10022
Attn: Richard W. Trotter, Esq.
(212) 508-7542