# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | : :  |
|       Plaintiff, | : Civil Action – Complaint for Declaratory |
| | : Judgment |
| v. | : |
| | : Case No. 1:18-cv-03083-ER |
| LUX MAINTENANCE & REN. CORP., CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL | : : : : : : : : : |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## PLAINTIFF UNITED SPECIALTY INSURANCE COMPANY'S
## MOTION FOR SUMMARY JUDGMENT & IN OPPOSITION TO
## <u>HOSPITAL DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT</u>

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................1

II. STATEMENT OF FACTS ................................................................................................1

III. ARGUMENT......................................................................................................................2

    A. UNITED DOES NOT OWE HOSPITAL DEFENDANTS ADDITIONAL INSURED COVERAGE ................................................................2

    B. UNITED IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY RELIEF AGAINST LUX .........................................................7

    C. EVEN IF HOSPITAL DEFENDANTS PREVAILED ON THEIR CROSS-MOTION FOR SUMMARY JUDGMENT, HOSPITAL DEFENDANTS ARE NOT ENTITLED TO ATTORNEY'S FEES INCURRED TO DEFEND THIS ACTION .........................................................................................................................8

IV. CONCLUSION................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                           **Pages**

*Arner v. RREEF Am., LLC*,
994 N.Y.S.2d 572 (N.Y. App. Div. 2014)......................................................................................5

*Christ the King Regional High School v. Zurich Ins. Co. of North Am.*,
937 N.Y.S.2d 290 (N.Y. App. Div. 2012)......................................................................................5

*Madison 96th Assoc., LLC v. 17 East Owners Corp.*,
985 N.Y.S.2d 236 (N.Y. App. Div. 2014)......................................................................................6

*Malmsteen v. Universal Music Grp. Inc.*,
940 F.Supp.2d 123 (S.D.N.Y. 2013).............................................................................................7

*Mighty Midgets v. Centennial Ins. Co.*,
47 N.Y.2d 12 (N.Y. App. Div. 1979).............................................................................................8

*Suffolk Federal Credit Union v. CUMIS Ins. Soc., Inc.*,
910 F.Supp.2d 446 (E.D.N.Y 2012)..............................................................................................9

*Sukup v. State of New York*,
281 N.Y.S.2d 28 (N.Y. App. Div. 1967).....................................................................................8, 9

*Toto, Inc. v. Sony Music Entertainment*,
60 F.Supp.3d 407 (S.D.N.Y. 2014)................................................................................................6

*Unified Window Systems Inc. v. Endurance Am. Specialty Ins. Co.*
53 N.Y.S.3d 646 (N.Y. App. Div. 2017).......................................................................................6

## I. PRELIMINARY STATEMENT[1]

In its Motion for Summary Judgment, United seeks a declaration by this Court that it has no duty to defend or indemnify the Hospital Defendants for the claims asserted in Underlying Actions and that it has no duty to defend or indemnify Lux for the claims or damages asserted in the Third-Party Complaint. United's substantive arguments in favor of its Motion for Summary Judgment are largely set forth in Pl.'s Memo of Law – and are further bolstered herein for the purposes of replying to Hospital Defendants' Cross-Motion for Summary Judgment (the "Cross-Motion").

In the Cross-Motion, Hospital Defendants seek summary judgment in their favor, demanding that this Court declare that United owes Hospital Defendants coverage against the Underlying Actions, that United owes Lux coverage in the Third-Party Complaint, and that Hospital Defendants be awarded attorney's fees.

However, these arguments are fundamentally flawed because the Hospital Defendants are unable to establish that Lux contractually agreed to defend and indemnify them. Moreover, Hospital Defendants are not entitled to recover their legal fees in the above-captioned matter, since United has not acted in bad faith or in gross disregard of its policy obligations in seeking a declaration of its rights and obligations under the Policy from this Honorable Court.

## II. STATEMENT OF FACTS

*See* Pl.'s 4/8/2019 Memo of Law, pp. 2 – 3. *See also* Plaintiff's Response to Hospital Defendants' Statement of Material Facts, submitted herewith.

---

[1] All capitalized terms not defined herein shall have the meanings assigned to them in Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment, ECF Docket Document #44, filed on April 8, 2019 (ECF No. 44, hereinafter cited as "Pl.'s 4/8/2019 Memo of Law").

1

### III.     ARGUMENT

A. **UNITED DOES NOT OWE HOSPITAL DEFENDANTS ADDITIONAL INSURED COVERAGE**

Hospital Defendants accurately state that additional persons or organizations may qualify as additional insureds under the Policy where Lux agreed to name them as additional insureds in a "Written Contract".[2] Hospital Defendants' Memo of Law in Support of the Cross-Motion, ECF No. 54 (hereinafter cited as "HD's Cross-Motion Memo"), p. 4. In addition to coverage for additional insureds, the Policy permits coverage to be extended to third parties where Lux agreed in a written contract to assume the tort liability of that third party – a so called "insured contract". *See* Pl.'s 4/8/2019 Memo of Law, pp. 4 – 5.

In either scenario, the Policy would only provide coverage to the Hospital Defendants if the Hospital Defendants are identified as entities to be afforded additional insured or insured contract status by Lux in the Contractor-Subcontractor Agreement. They are not. *See* Pl.'s SUMF, ¶ 20 (citing Kolb Decl., Exhibit "B" at p. 1).

In their Cross-Motion, the Hospital Defendants argue that they are entitled to additional insured coverage under the Policy based on language in the Owner-Contractor Agreement and the Contractor-Subcontractor Agreement that requires Lux to procure and maintain and insurance and indemnify and hold harmless, the "Owner". *See* HD's Cross-Motion Memo, p. 3. Hospital Defendants similarly rely on the following language from the Owner-Contractor Agreement[3]:

---

[2] The Kolb Decl., Exhibit "A" at Endorsement CG 20 10 10 01, titled "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION" (the "Scheduled Organization Additional Insured Endorsement").

[3] Plaintiff acknowledges that the Contractor-Subcontractor Agreement includes a rider which obligates Lux to procure insurance for all entities that Brend was required to indemnify and hold harmless in the Owner-Contractor Agreement.

2

> The Contract requires Brend to indemnify 'owner, owner's tenants, owner's managing agent, and their respective affiliates, principals, partners, members, shareholders, officers, directors, agents, employees, servants, successors and assigns (hereinafter collectively referred to as "owner parties")…'" HD's Cross-Motion Memo, p. 5.

Because they are owners (lower case "o") of the Premises, the Hospital Defendants argue that they are the beneficiaries of this contract language. They further argue that language in the Contractor – Subcontractor Agreement imposing on Lux the same obligations to which Brend is subject under the Owner – Contactor Agreement[4] requires this result. In both instances, Hospital Defendants are incorrect.

Hospital Defendants fail to acknowledge that in both the Owner – Contractor Agreement and the Contractor – Subcontractor Agreement the term "Owner" (capital "O") is a defined term with a definite and precise meaning. The Owner-Contractor Agreement defines the term "Owner" as "Sutton House Associated, 450 East 63rd Street/1161 York Avenue, New York, NY 10065." Pl. SUMF, ¶ 19 (citing the 4/8/2019 Montemuro Decl., Exhibit "E"). The Contractor-Subcontractor Agreement defines the term "Owner" as "Sutton Terrace Associates, Inc.", c/o Rose Associates, 200 Madison Ave, 5th Floor, New York, NY 10016. Pl. SUMF, ¶ 20 (citing Kolb Decl., Exhibit "B").

Neither the Owner-Contractor Agreement nor the Contractor-Subcontractor Agreement include the Hospital Defendants as named parties, nor are these entities included within their respective definitions of the term "Owner". The Hospital Defendants are complete strangers to both contracts. The Hospital Defendants seek to bring themselves within the contracts by arguing

---

[4] The Kolb Decl., Exhibit "C".

3

that they are affiliates of Sutton Terrace Associates and therefore entitled indemnification under the above cited language in the Owner-Contractor Contract. HD's Cross-Motion Memo at p. 6. There are two fatal flaws in this argument.

 First, Hospital Defendants allege that they, along with non-party New York Society for the Relief of the Ruptured/Crippled, are parties to a document known as the "Staff House Agreement", which specifies that the institutions, as tenants in common of said premises, and for all the transactions and affairs contemplated by [the Staff House Agreement], shall be collectively known as "Sutton House Associated." HD's Cross-Motion Memo, p. 3; the Affidavit of Kevin Rakowsky, ECF No. 52-5 ("Rakowsky Aff."), ¶ 4.[5] On May 28, 2019, United's counsel conducted a search for entities known as "Sutton Terrace Associates" on the New York Department of State, Division of Corporations' Corporation and Business Entity Database (the "Database"). See the June 5, 2019 Declaration of Gabriel Montemuro submitted herewith (hereinafter cited as the 6/5/2019 Montemuro Decl.), ¶ 6. The search results stated that "no business entities were found for Sutton Terrace Associates". 6/5/2019 Montemuro Decl., Exhibit "C". United's counsel also conducted multiple searches on the Database for entities known as Sutton House Associated and Sutton Terrace Associates, Inc. 6/5/2019 Montemuro Decl., ¶¶ 2, 4. Those searches yielded similar results. 6/5/2019 Montemuro Decl., Exhibits "A" and "B". Neither of these entities is a registered business entity in the State of New York, nor are they registered fictitious names. Simply put, they do not have a legal existence and therefore cannot have affiliates.

 Secondly, the Staff House Agreement – the very document that Hospital Defendants rely

---

[5] Hospital Defendants allege that "[o]ver the years, the defendants used the phrase "Sutton House Associates" and "Sutton Terrace Associates, Inc." interchangeably. HD's Cross-Motion Memo, p. 3; Rakowsky Aff. ¶ 5.

upon to demonstrate the existence of this collective venture known as Sutton House Associated – expressly states at Article 20, in relevant part: "[T]his Agreement is not intended to create, and shall not be construed as creating, a partnership, a joint venture or any other entity or relationship other than, or in addition to, a tenancy in common." The Staff House Agreement, ECF No. 52-6, p. 35. The Hospital Defendants may argue that the reference to "tenancy in common" in the Staff House Agreement is a relationship which makes the Hospital Defendants "affiliates" of the Sutton House entities. If so, they would be wrong. None of the Sutton House entities hold legal title to the property; therefore these entities (if they exist at all) cannot be a tenant in common with the Hospital Defendants. *See* the Deed, ECF No. 52-9.

The facts do not support the Hospital Defendants' argument. Neither does the law. In support of the argument that, as "affiliates of Sutton Terrace Associates" they are "also entitled to additional insured coverage," the Hospital Defendants cite to *Arner v. RREEF Am., LLC*, 994 N.Y.S.2d 572 (N.Y. App. Div. 2014). United concedes that *RREEF* involves a contract which requires a contracting party to protect "all the Owner Entities". However, *RREEF* is completely silent on whether that language would apply to an entity falling outside the definition of "Owner Entities". On the contrary, the *RREEF* court's silence on the subject indicates that the tendering parties unambiguously qualified as "Owner Entities" – which is not the case here.

Hospital Defendants also cite *Christ the King Regional High School v. Zurich Ins. Co. of North Am.*, 937 N.Y.S.2d 290 (N.Y. App. Div. 2012) – but that case also fails to provide any meaningful guidance on this matter. In *Christ the King*, the court held that a contract that required a vendor to provide a school with a certificate of insurance, but did not expressly require the vendor to add the school as an additional insured, was nevertheless construed to operate as an additional insured provision. *Id*.

5

Here, the Owner-Contractor Agreement and the Contractor-Subcontractor Agreement each contain clear additional insured provisions which require Lux, *inter alia*, to add "Owner" and its agents as additional insureds. *See* the 4/8/2019 Montemuro Decl., Exhibit "E"; Kolb Decl., Exhibit "B". Here the Hospital Defendants are neither the Owner nor its agents (or affiliates).

Hospital Defendants further argue that they are entitled to provide additional insured coverage since the "Owner" identified in the Contractor-Subcontractor Agreement (Sutton Terrace Associates, Inc.) "was a d/b/a" for the Hospital Defendants. It bears repeating that counsel's search of the Database found no registered fictitious names. Thus there is no factual support for the "d/b/a" argument. Moreover, the cases cited by Hospital Defendants provide no legal support for their argument. They cite *Unified Window Systems Inc. v. Endurance Am. Specialty Ins. Co.* 53 N.Y.S.3d 646 (N.Y. App. Div. 2017) and *Madison 96th Assoc., LLC v. 17 East Owners Corp.*, 985 N.Y.S.2d 236 (N.Y. App. Div. 2014). In both cases, the courts resolved coverage disputes relating to entities <u>unambiguously identified</u> in the contract as entities to be protected as additional insureds. *Unified Window Systems Inc.* 53 N.Y.S.3d at 646; *Madison 96th Assoc., LLC* 985 N.Y.S.2d at 236. Here, Hospital Defendants are not identified <u>at all</u> in the relevant contracts. Hospital Defendants cite no valid legal authority supporting their argument that this Court should declare that coverage under the Policy extends to entities that are <u>not</u> included within the definition of "Owner" under either subject contract.

No ambiguity exists where the contract language has a definite and precise meaning. *Toto, Inc. v. Sony Music Entertainment*, 60 F.Supp.3d 407, 413 (S.D.N.Y. 2014). A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties.

*Malmsteen v. Universal Music Grp., Inc.*, 940 F.Supp.2d 123, 130 (S.D.N.Y. 2013).

Here, the Owner-Contractor Agreement and the Contractor-Subcontractor Agreement are unambiguous and the Hospital Defendants are not included within the definition of "Owner" in either one. SUMF, ¶ 21 (citing the 4/8/2019 Montemuro Decl., Exhibit "E" at p. 1 and its General Conditions at § 2.1; Kolb Decl., Exhibit "B" at p. 1). Accordingly, there is no genuine issue as to any material fact and United is entitled to declaratory judgment in its favor as a matter of law. The Hospital Defendants are not entitled to coverage under the Policy.

**B.   UNITED IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY RELIEF AGAINST LUX**

Hospital Defendants argue that Count I in the Third-Party Complaint[6] alleges a loss covered under the Policy, and therefore United has a duty to defend Lux against the Third-Party Complaint. *See* HD's Cross-Motion Memo, pp. 7, 8. In Count I, Hospital Defendants assert a claim for contractual indemnification, arguing that Lux agreed to assume Hospital Defendants' liability for "bodily injury" claims arising out of Lux activity. The 4/8/2019 Montemuro Decl., ¶¶ 34 – 62. In the Cross-Motion, Hospital Defendants argue that Count I triggers United's duty to defend Lux since it alleges a loss covered under the Policy by virtue of an "insured contract" between Lux and Hospital Defendants. HD's Cross-Motion Memo, p. 8.

United acknowledges that the Contractor-Subcontract Agreement is an "insured contract", and therefore Lux is entitled to coverage against "bodily injury" claims that it assumed thereunder, so long as the "bodily injury" is alleged to occur in whole or in part by Lux or those acting on its behalf. However, Count I does not set forth such a claim.

Hospital Defendants' argument relies entirely on their erroneous position that Lux

---

[6] Hospital Defendants curiously allege that the Third-Party Complaint was filed by Rodriguez. HD's Cross-Motion Memo, p. 8. However, the Third-Party Complaint was filed by the Hospital Defendants themselves. The 4/8/2019 Montemuro Decl., Exhibit "E".

7

contractually agreed to assume their tort liability consistent with the "insured contract" definition of the Policy. But as discussed at length *supra*, Lux did not agree to assume Hospital Defendants' liability. Rather, Lux's obligations to assume liability under the Contractor-Subcontractor Agreement are expressly defined therein, and that obligation does not include Hospital Defendants.

There is no genuine issue as to any material fact and United is entitled to declaratory judgment in its favor as a matter of law. Lux is not entitled to coverage against the Third-Party Complaint under the Policy.

C. **EVEN IF HOSPITAL DEFENDANTS PREVAILED ON THEIR CROSS-MOTION FOR SUMMARY JUDGMENT, HOSPITAL DEFENDANTS ARE NOT ENTITLED TO ATTORNEY'S FEES INCURRED TO DEFEND THIS ACTION**

Hospital Defendants make the blanket assertion that when an insurer sues its insured to obtain a declaration of non-coverage and loses, the insurer is obligated to pay the insured's legal expense. HD's Cross-Motion Memo, p. 9.  Meanwhile, Hospital Defendants' supporting cases state a less rigid position.  See *US Underwriters Ins. Co. v. City Club Hotel, LLC* 3 N.Y.3d 592, 297 (N.Y. App. Div. 2004); *see also Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12, 22 (N.Y. App. Div. 1979) (both remarking that an insured cast in defensive posture and prevails on the merits against an insurer taking steps to free itself from policy obligations *may* recover attorneys' fees incurred in defending against the insurers' action).

Absent from the Hospital Defendants memorandum is the applicable legal standard under which an insured may recover attorney's fees. In general, an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk. See *Suffolk Federal Credit Union v. CUMIS Ins. Soc., Inc.*, 910 F.Supp.2d 446, 463 (E.D.N.Y 2012) (citing *Sukup v. State of New York*, 281

N.Y.S.2d 28 (N.Y. App. Div. 1967) (internal citations excluded)). In *Sukup*, the court elaborates that "it would require more than an arguable difference of opinion between carrier and insured" to impose an extra-contractual liability for legal expenses in a coverage dispute. *Id*. Rather, a court deciding to reward legal fees would "require a showing of such bad faith in denying coverage that no reasonable carrier" would be expected to assert it. *Id*. In *Sukup*, that court did not impose liability for attorney's fees since "the record [did] not show any gross disregard for [insurer's] policy obligation" in asserting non-coverage – rather, the record merely showed "an arguable case in which the carrier was held wrong", which is not enough to impose such liability. *Id*.

      Here, United has filed this declaratory judgment in a good faith effort to have the Court rule on a difference of opinion between it and the purported additional insureds. United is asserting non-coverage on the basis that the Hospital Defendants do not qualify for coverage under the Policy since they are not "Owners" for which Lux was obligated to procure insurance under either of the operative contracts. Hospital Defendants do not allege (and cannot truthfully allege) that United has committed any act of bad faith or gross disregard for its obligations under the Policy.

      If Hospital Defendants prevail on the Cross-Motion (and they should not), this case, like the one before the Court in *Sukup*, – is merely a coverage dispute that was "an arguable case in which the carrier was held wrong." *Id*.

## IV. CONCLUSION

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For the foregoing reasons, Hospital Defendants have failed to meet their burden to establish that they are entitled to judgment as a matter of law.

United respectfully requests that this Court grant its Motion for Summary Judgment and deny Hospital Defendants' Cross-Motion.

DATED: JUNE 7, 2019

RESPECTFULLY SUBMITTED,

/s/ WILLIAM T. MACMINN
WILLIAM T. MACMINN
GABRIEL T. MONTEMURO
ANTHEIL MASLOW & MACMINN, LLP
131 W. STATE STREET
PO BOX 50
DOYLESTOWN, PA 18901
T:215-230-7500
F:215-230-3327
WMACMINN@AMMLAW.COM
GMONTEMURO@AMMLAW.COM
ATTORNEYS FOR PLAINTIFF
ADMITTED *PRO HAC VICE*

/s/ RICHARD W. TROTTER
RICHARD W. TROTTER
TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT, LLP
900 THIRD AVENUE
NEW YORK, NY 10023
T: (212) 508-7542
TROTTER@THSH.COM