IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, : | |
| Plaintiff, : | Civil Action – Complaint for Declaratory Judgment |
| v. : | |
| : | Case No. 1:18-cv-03083-ER |
| LUX MAINTENANCE & REN. CORP., CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL : | Plaintiff's Response to Hospital Defendants' Statement of Material Facts pursuant to Local Civil Rule 56.1 |

**PLAINTIFF'S RESPONSE TO HOSPITAL DEFENDANTS' STATEMENT OF MATERIAL FACTS**

1. This matter arises out of two accidents that occurred at the premises located at 450 East 63rd St./1161 York Avenue (the "Premises") during facade renovations and the lawsuits arising therefrom:

   a. Fredy Carabajo ("Carabajo") v. Brend Renovation et. al. (Supreme Court of the State of New York, County of Queens, Index No. 14421-2016) (Carabajo Suit"); Carabajo alleges that he was injured on October 19, 2015; See Exhibit "A" to the Affidavit of Michael L. Stonberg ("Stonberg Aff"); and

   b. Leonard Rodriguez ("Rodriguez") v. Cornell University et. al. (Supreme Court State of New York, County of Queens, Index No. 0006883-2016) ("Rodriguez Suit"). Rodriguez alleges that he was injured on January 29, 2016. See Exhibit "B"

3

to the Stonberg Aff.

(Collectively, these will be referred to as the "Underlying Suits").

**Agree**

2. A third party action was filed in the Rodriguez Suit against Lux Maintenance Corp. ("Lux"). See Exhibit "H" to the Declaration of Gabriel Montemuro ("Montemuro Dec").

**Agree**

3. The third party action in the Rodriguez Suit alleges, *inter alia,* that Lux is obligated to contractually indemnify the defendants in the Rodriguez Action. See Exhibit "H" to Montemuro Dec, paragraphs 34-62.

**Agree**

4. As an example, paragraph 51 alleges:

> 51. Upon information and belief, if and in the event a judgment is rendered against Cornell, Cornell is entitled to contractual indemnification from Lux relative to any such judgment together with the costs, disbursements, expenses and recoverable counsel fees of this action.

See Exhibit "H" to the Montemuro Dec. paragraph 51.

**Agree**

5. Prior to the accidents, the Defendants contracted with Brend for Brend to perform renovations to the facade of the Premises. *See* Exhibit "C" to the Stonberg Aff, Affidavit of Kevin Rakowsky, and Exhibit 2, thereto, contract between Brend and Sutton House Associated ("Contract")

**Agree that Brend entered the Contract to perform renovations to the façade of the Premises. Disagree that Hospital Defendants are parties to the Contract, since the "Owner" as defined in the Contract is Sutton House Associated. The 4/4/2019 Declaration of Gabriel Montemuro (ECF No. 46), the "Montemuro**

3

**Decl.", Exhibit "E", p. 1.**

6. The Contract requires Brend to indemnify "owner, owner's tenants, owner's managing agent, and their respective affiliates, principals, partners, members, shareholders, officers, directors, agents, employees, servants, successors and assigns (hereinafter collectively referred to as "owner parties") arising out of Brend's work (See Exhibit "C" to the Stonberg Aff, Exhibit "2", article 10.3.3).

**Disagree – on the contrary, article 10.3.3 of the document attached as Exhibit "2" of the Affidavit of Kevin Rakowsky (the "Rakowsky Aff.") relates to "Hazardous Materials" and requires the "Owner" to indemnify and hold harmless the "Contractor, Subcontractor . . ." from claims and damages arising from performance of Work in an area affected by hazardous materials. Assuming Hospital Defendants intended to cite to the Special Conditions, "CONTRACTORS' INDEMNITY AND INSURANCE REQUIREMENTS (EXTERIOR RESTORATION)", subsection (1)(a) – which cites the language stated in paragraph 6, verbatim – Plaintiff still disagrees. Subsection (1)(a) capitalizes "Owner" as the term has a specific meaning for purposes of the contract and is expressly defined as Sutton House Associated. See the Rakowsky Aff., Exhibit "2", p. 13.**

7. The Contract also required Brend to procure insurance naming the "owner" as an additional insured. (Exhibit "C" to the Stonberg Aff, Exhibit "2"; Insurance Requirement Rider).

**Disagree – No document entitled "Insurance Requirement Rider" is included in Exhibit "2" of the Rakowsky Aff. To the extent that Hospital Defendants are referring to the Special Conditions, "CONTRACTORS' INDEMNITY AND INSURANCE REQUIREMENTS (EXTERIOR RESTORATION)", Plaintiff acknowledges that the terms therein require that "OWNER PARTIES" be named as additional insureds by Brend. Owner Parties is a defined term to specifically include the "Owner" and its tenants, managing agent, and its respective affiliates, principals, partners, members, shareholders, officers, directors, agents, employees, servants, successors and assigns. "Owner" is a defined term under the Contract and is expressly defined as Sutton House Associated. See the Rakowsky Aff., Exhibit "2", p. 13.**

8. Brend subcontracted certain work to Lux Maintenance and Ren Corp. ("Lux")

pursuant to a subcontract ("Subcontract") which identifies, as the Owner, Sutton Terrace Associated and sets forth the following:

Article 1 The Subcontract Documents

    1.1 The Subcontract Documents consist of (1) this agreement; (2) the Prime Contract consisting of the Agreement between the Owner and Contractor and the other contract Documents enumerated therein.

See Exhibit "D" to the Stonberg Aff.

**Agree that Brend subcontracted certain work to Lux pursuant to the Subcontract and agree with Hospital Defendants' recitation of § 1.1 thereof. Disagree that the Subcontract identifies Sutton Terrace Associated as the Owner. On the contrary, the Subcontract identifies the Owner as Sutton Terrace Associates, Inc. See the Declaration of John Kolb (ECF No. 45), the "Kolb Decl.", Exhibit #2, p. 1. See the Subcontract, p. 1.**

    9.    The Subcontract requires Lux to "procure and maintain . . . such insurance as will protect the Contractor, all entities the Contractor is required to indemnify and hold harmless, the Owner . . . for claims arising out of or resulting from Subcontractor's work." See Exhibit "D" to the Stonberg Aff.

**Agree**

    10.    The Subcontract then specifies that such insurance must include additional insured coverage for the benefit of Brend and the Owner. See Exhibit "D" to the Stonberg Aff.

**Agree**

    11.    The Premises is owned by six entities: the defendants herein and the New York Society for the Relief of the Ruptured/Crippled. See Exhibit "E", to the Stonberg Aff., Deed; Exhibit "C" to the Stonberg Aff. Affidavit of Rakowski.

**Agree**

    12.    A "Staff House Agreement", entered into by all six owner entities, specifies as

follows:

> Article 2. Name. The institutions, as tenants in common of said premises, and for all of the transactions and affairs contemplated by this Agreement, shall be collectively known as "Sutton House Associated"

See Exhibit "C" to the Stonberg Aff., Affidavit of Rakowski and Exhibit "1" thereto.

**Agree**

13. Over the years, the defendants used the phrase "Sutton House Associates" and "Sutton Terrace Associates" interchangeably. Both are d/b/a's for all six entities which own the Premises. See Exhibit "C" to the Stonberg Aff. Affidavit of Rakowski.

**Disagree, as Plaintiff does not have direct knowledge of how the Hospital Defendants have collectively identified themselves over the years. Further disagree as to the characterization of "Sutton House Associates" and "Sutton Terrace Associates" as "d/b/a's for the six entities which own the Premises" inasmuch as Sutton Terrace Associates is not classified as a "d/b/a" for the Hospital Defendants in the Subcontract. See the Montemuro Decl., Exhibit "E", p. 1.**

14. USIC issued a policy of insurance to Lux that contained the following endorsement:

> ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIATION
>
> This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART SCHEDULE
>
> Name of Person or Organization: When Required by Written Contract.
>
> A. Section II – Who Is An Insured is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

Exhibit "B" to USIC's motion, CG 2010 form.

**Agree with Hospital Defendant's recitation of policy language. Disagree to Hospital Defendants' identification of the Policy as Exhibit "B" to Plaintiff's Motion for Summary Judgment. Rather, the Policy is Exhibit "A" to the Declaration of John Kolb in Support of Plaintiff's Motion for Summary Judgment. (See ECF No. 45-1.)**

3

15. The phrase "insured contract" is not referenced at all in the above endorsement. *Id*.

**Agree**

16. The USIC Policy provides coverage for damages for bodily injuries caused by an occurrence. Exhibit "B" to USIC's motion, form CG 00 01 04 13 page I, section I(A)(l)(a).

**Disagree as stated. The Policy provides coverage for sums that an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage caused by an "occurrence" that takes place in the "coverage territory", and Plaintiff will have a right and duty to defend the insured against any "suit" seeking those damages. However, Plaintiff will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. The Kolb Decl., Exhibit "A", Section I(A)(1)(a)** *et seq*.

17. The USIC Policy excludes coverage for injuries to employees but excepts from the employee exclusion and therefore provides coverage for liability assumed by the insured under an "insured contract". Exhibit "A" to Plaintiff's Motion, Kolb Affidavit, page 2 of 16 form C 00 01 04 13, Exclusion (e)).

**Agree**

18. Similarly, while the USIC excludes coverage for contractual liability, it excepts from the exclusion and therefore applies to liability "assumed in a contract or agreement that is an "insured contract". *Id.* Exclusion (b).

**Agree**

19. The USIC Policy defines, as an "insured contract":

f. That part of any other contract or agreement pertaining to your business . . .under which you assume the tort liability of another party to pay for "bodily injury" . . .to a third person, provided the "bodily injury" is caused, in whole or in part, by you or those acting on your behalf." Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

*Id.,* Endorsement "Amendment of Insured Contract Definition.

**Agree**

3

20. USIC instituted the within suit, seeking a declaration that it owes no coverage to the defendants herein for the Underlying Suits.

**Agree**

                                                                           **RESPECTFULLY SUBMITTED,**

                                                                           /S/ **WILLIAM T. MACMINN**

                                                                           **WILLIAM T. MACMINN**
                                                                           **GABRIEL T. MONTEMURO**
                                                                           **ANTHEIL MASLOW & MACMINN, LLP**
                                                                           **131 W. STATE STREET**
                                                                           **PO BOX 50**
                                                                           **DOYLESTOWN, PA 18901**
                                                                           **T:215-230-7500**
                                                                           **F:215-230-3327**
                                                                           **WMACMINN@AMMLAW.COM**
                                                                           **GMONTEMURO@AMMLAW.COM**
                                                                           **ATTORNEYS FOR PLAINTIFF**
                                                                           **ADMITTED *PRO HAC VICE***


                                                                           /S/ **RICHARD W. TROTTER**

                                                                           **RICHARD W. TROTTER**
                                                                           **TANNENBAUM HELPERN SYRACUSE &**
                                                                           **HIRSCHTRITT, LLP**
                                                                           **900 THIRD AVENUE**
                                                                           **NEW YORK, NY 10023**
                                                                           **T: (212) 508-7542**
                                                                           **TROTTER@THSH.COM**

**DATED: JUNE 7, 2019**