IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | : Case No. 1:18-cv-03083-ER |
| Plaintiff, | : |
| v. | : |
| LUX MAINTENANCE & REN. CORP., CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL, | : |
| Defendants. | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

STONBERG MORAN, LLP
Attorneys for Defendants
CORNELL UNIVERSITY, ROCKEFELLER
UNIVERSITY, THE SOCIETY OF THE NEW
YORK HOSPITAL, MEMORIAL HOSPITAL
FOR CANCER AND ALLIED DISEASES,
and MANHATTAN EYE EAR &
THROAT HOSPITAL
505 Eighth Avenue, Suite 2302
New York, New York  10018
(212) 231-2220
Our File No.: NCS 30342

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in further support of the Cross Motion for Summary Judgment submitted by Defendants Cornell University, Rockefeller University, The Society of The New York Hospital, Memorial Hospital For Cancer And Allied Diseases, and Manhattan Eye Ear & Throat Hospital (collectively "Defendants"). As will be set forth below, Plaintiff's opposition to Defendants' Cross Motion ignores New York law and mischaracterizes the proof submitted by Defendants. Based upon the proof and the law, Defendants are entitled to additional insured coverage for the suits instituted against Defendants by Fredy Carabajo and Leonard Rodrigues (the "Underlying Suits") from Plaintiff United Specialty Insurance Company ("USIC") because Defendants are the owners of the Premises where the Accident occurred and the Owners anticipated by the contract between Lux Maintenance and Ren Corp. ("Lux") and Brend Renovation Corp. ("Brend"). Therefore, it is respectfully requested that Defendants' Cross Motion be granted.

## ARGUMENT

## POINT I

### USIC OWES ADDITIONAL INSURED COVERAGE TO THE DEFENDANTS

As previously set forth in Defendants' Cross Motion, the subcontract between Lux and Brend (the "Subcontract") required Lux to procure insurance providing additional insured coverage to the "Owner." The "Owner" identified in the Subcontract is "Sutton Terrace Associates." The "Owner" identified in the contract Brend entered into to perform the repairs (the "Contract") is "Sutton House Associated." As per the Affidavit of Kevin Rakowsky, submitted with Defendants' Cross Motion, the two names were used interchangeably as d/b/a's for the

Defendants in their capacity as owners of the premises at which the façade repair was ongoing. Since the "Owner" identified in the Subcontract was a d/b/a for the Defendants, they qualify as additional insureds entitled to coverage for the Underlying Suits and therefore, Plaintiff must provide additional insured coverage to Defendants for the Underlying Suits.

In opposition, Plaintiff first argues on page 3 of its legal brief that "the Hospital Defendants are complete strangers to both contracts." Since the Staff House Agreement specifies that the Defendants will be known by the d/b/a "Sutton House Associated," and therefore the Defendants, collectively, contracted for the façade renovation project, it is unclear how Plaintiff reaches this unsupported conclusion. Plaintiff next argues on page 8 that "none of the Sutton House entities hold legal title to the property; therefore, these entities (if they exist at all) cannot be a tenant in common with the Hospital Defendants." It is equally unclear how Plaintiff reaches this conclusion, given that (1) the deed places title to the property in the name of each of the Defendants and (2) the Staff House Agreement specifies that the Defendants will be known as Sutton House Associated.

Plaintiff then argues that it performed a search of the New York State Division of Corporations Business Entity database but could not locate Sutton Terrace Associates or Sutton House Associated. Plaintiff incorrectly concludes from its search, that:

- Sutton Terrace Associates or Sutton House Associated therefore do not have a legal existence; and

- therefore, the Defendants cannot be additional insureds.

This argument is wrong for several reasons. First, Plaintiff incorrectly assumes, without any legal support, that an entity must have a "legal existence" in order to trigger an additional insured endorsement. To the contrary, in *Stellar Mechanical Services of NY v. Merchants Ins. Co. of New Hampshire*, 74 A.D.3d 948 (2d Dept. 2010), the Court concluded that additional insured

coverage was owed Stellar Mechanical Services of New York, Inc., ("Stellar") although the contract requiring such coverage identified not Stellar, but Stellar Mechanical Services of N.Y. II, because the latter was a trade name used by Stellar. Since Sutton House Associated and Sutton Terrace Associates are trade names used by the Defendants, Defendants are entitled to additional insured coverage, regardless of whether Sutton House Associated or Sutton Terrace Associates are "legal entities."

Similarly, where the intent of the parties to cover a risk is clear, the misnaming or misidentification of an insured will be disregarded in the interests of justice even where the insured identified on the policy declarations page is a "legal non-entity." *New York Cas. Ins. Co. v. Shaker Pine Inc.*, 262 A.D.2d 735 (3d Dept. 1999); *Court Tobacco Stores Inc. v. Great Eastern Ins. Co.* 43 A.D.2d 561 (2d Dept. 1973) (policy issued to Court Tobacco Co., a non-entity, held to provide coverage to Court Tobacco, Inc.). This rule has been equally applied to additional insureds. *137 Broadway Assoc. LLC v. 602 West 137th Deli Corp.* 40 Misc.3d 1218(A), 2013 WL 3884180 (NY Cty 2013). Accordingly, it matters not whether Plaintiff's search did not result in the identification of Sutton House Associated or Sutton Terrace Associates as a corporation or partnership. Their identification on the trade contracts which trigger the additional insured coverage, and the proof that those entities were trade names for Defendants, obligates Plaintiff to provide additional insured coverage to Defendants for the Underlying Suits.

Nor can the Defendants be deemed non-affiliates of Sutton Terrace Associates and Sutton House Associated, as Plaintiff incorrectly and again without legal support argues on page 8 of its brief. To this end, Black's Law Dictionary defines affiliate as "companies that have a shared resources, interests, or business dealings." https://thelawdictionary.org/affiliate/ (accessed June 17, 2019). The Staff House Agreement very clearly sets forth the Defendants' shared ownership of

the premises at issue by properly labeling them tenants in common, and specifying their joint determination to use a trade name when engaging in shared transactions. Therefore, Defendants and Sutton House Associated/Sutton Terraces Associates are affiliates of each other, triggering the contractual obligation to procure insurance for Defendants and the Blanket Additional Insured Endorsement in Plaintiff's insurance policy.

In the instant action, Brend clearly contracted to perform façade work at the premises owned by Defendants. Equally clearly, Defendants not only used the shorthand trade name "Sutton House Associated" to identify the owner of the premises, they set forth their intent to use that trade name in the Staff House Agreement. Brend subcontracted the work it agreed to perform for Defendants to Lux, Plaintiff's named insured, using the trade name Sutton Terrace Associates as the Owner. Plaintiff's attempt to avoid providing additional insured coverage to Defendants by asserting that Sutton House Associated or Sutton Terrace Associates are not legal entities is mere semantics, places form over substance, and is in direct contravention to the law above and thus must be disregarded.

Should Plaintiff's argument succeed, the Blanket Additional Insured Endorsement attached to its policy is illusory. More specifically, assuming that neither the trade names Sutton House Associated nor Sutton Terrace Associates are interpreted to mean the Defendants, then Plaintiff's obligation pursuant to the Blanket Additional Insured Endorsement to provide additional insured coverage to those whom Lux agreed by written contract to provide such coverage for the purpose of Lux's work at Defendants' premises will never be triggered. If that is the case, what purpose does the Blanket Additional Insured Endorsement serve?

This is not a case where the identity of the owners of the premises was a secret; this is not a case where Lux was unaware that the Defendants owned the premises; nor is this a case where

an entity not associated with the owner is seeking additional insured coverage. Rather, this is a case where the Defendants did business under a trade name; the trade name was identified as the owner on the relevant contracts; Plaintiff's named insured agreed to perform work which benefited the Defendants through the trade name under which they operated; and Plaintiff's named insured agreed to provide additional insured coverage to Defendants through the trade name. As such, it is respectfully submitted that Defendants are entitled to additional insured coverage from Plaintiff for the Underlying Suits; and therefore, Defendants' cross motion must be granted.

## POINT II

### DEFENDANTS ARE ENTITLED TO THE ATTORNEY'S FEES THEY INCURRED TO DEFEND THIS ACTION

Despite clear case law which specifies that when an insurer sues its insured to obtain a declaration of non-coverage and loses, the insurer is obligated to pay the insured's legal fees, Plaintiff asserts that in order to do so, Defendants must establish that Plaintiff acted in bad faith. This is, quite simply, a misstatement of the law.

Where an insured sues an insurer alleging that the insurer acted in bad faith, and is successful, the insured is entitled to recover the attorney's fees it incurred to litigate such a suit. *Suffolk Federal Credit Union v. CUMIS Ins. Soc., Inc.*, 910 F.Supp.2d 446, 463 (E.D.N.Y 2012) (citing *Sukup v. State of New York*, 281 N.Y.S.2d 28 (N.Y. App. Div. 1967).

Separate and apart from that law, where an insurer sues its insured seeking a declaration that the insurer does not owe coverage to its insured, and loses, the insurer is obligated to pay the legal fees its insured incurred to defend the suit. *US Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597 (2004), *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 22 (1979). This is because the insurer, by bringing the suit, forced its insured to defend itself. It

therefore matters not that Plaintiff herein claims to have filed the within suit "in good faith." Because Plaintiff filed the suit, it must repay the Defendants' legal fees.

That the decisions specify that the insured "may" recover its legal fees does not limit or alter the insurer's obligation to do so. Indeed, in *City Club,* the Court concluded:

> In the instant case, it is undisputed that Shelby, a named insured under the policy, was cast in a defensive posture by U.S. Underwriters in their dispute over whether the insurer had a duty to defend and indemnify Shelby in the underlying personal injury action. Further, it is undisputed that Shelby successfully defended against the insurer's summary judgment motion and thereby prevailed in the matter.
>
> Based on *Mighty Midgets,* Shelby is entitled to recover attorneys' fees. We hold that under *Mighty Midgets,* an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured. Given that the expenses incurred by Shelby in defending against the declaratory judgment action arose as a direct consequence of U.S. Underwriters' unsuccessful attempt to free itself of its policy obligations, Shelby is entitled to recover those expenses from the insurer.

*City Club*, 3 N.Y.3d at 598.

As such, Defendants seek recovery for the legal fees they expended and their counsel will produce those invoices at a hearing to be held after this motion is decided.

## CONCLUSION

By reason of the foregoing, Plaintiff owes Defendants a duty to defend and indemnify them in the Underlying Suits. Therefore, Defendants are entitled to summary judgment; a declaration that Plaintiff must defend and indemnify defendants in the Underlying Suits; and an award of attorney's fees.

**WHEREFORE**, it is respectfully requested that this Court grant Defendants' Cross-Motion for Summary Judgment in its entirety; and award Defendants' attorney's fees.

Dated: New York, New York
June 20, 2019

> STONBERG MORAN, LLP
> Attorneys for Defendants
> CORNELL UNIVERSITY, ROCKEFELLER
> UNIVERSITY, THE SOCIETY OF THE NEW
> YORK HOSPITAL, MEMORIAL HOSPITAL
> FOR CANCER AND ALLIED DISEASES,
> and MANHATTAN EYE EAR &
> THROAT HOSPITAL
>
> By: _____
> Michael L. Stonberg, Esq.
> 505 Eighth Avenue, Suite 2302
> New York, New York 10018
> (212) 231-2220
> Our File No.: NCS 30342

TO:

TANNENBAUM HALPERN SYRACUSE & HIRSCHTRITT, LLP
Attorneys for Plaintiff
900 Third Avenue
New York, New York 10022
Attn: Richard W. Trotter, Esq.
(212) 508-7542