UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED SPECIALTY INSURANCE COMPANY,

Plaintiff,

– against –

LUX MAINTENANCE & REN. CORP., CORNELL UNIVERSITY, ROCKEFELLER UNIVERSITY, THE SOCIETY OF THE NEW YORK HOSPITAL, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, and MANHATTAN EYE EAR & THROAT HOSPITAL,

Defendants.

**OPINION AND ORDER**

18 Civ. 3083 (ER)

Ramos, D.J.:

The United Specialty Insurance Company ("USIC"), brings an action for declaratory relief against Lux Maintenance & Ren. Corp. ("Lux"), Cornell University, Rockefeller University, The Society of the New York Hospital, Memorial Hospital for Cancer and Allied Diseases, Manhattan Eye Ear & Throat Hospital (the "Hospital Defendants"). Specifically, USIC, Lux's commercial general liability insurer, seeks a declaration that it has no duty to defend or indemnify either the Hospital Defendants in two underlying personal injury New York state actions, or Lux in a third-party action filed in one of those lawsuits. Before the Court are cross motions for summary judgment by USIC and the Hospital Defendants. In addition, the Hospital Defendants seek their legal expenses. For the reasons set forth below, the Hospital Defendants' motion for summary judgment, including their request for attorneys' fees, is GRANTED and USIC's motion for summary judgment is DENIED.

## I. BACKGROUND[1]

The Hospital Defendants, together with nonparty New York Society for the Relief of the Ruptured/Crippled (the "nonparty owner"), each holds a part of the legal title to a property at New York City known as the Sutton Terrace ("the Property"). Defs. Stmt. ¶ 11; USIC Resp. ¶ 11. A notarized and signed document named the "Staff House Agreement," entered into by the Hospital Defendants and the nonparty owner, states that "[T]he institutions, as tenants in common of said premises…shall be collectively known as Sutton House Associated."[2] Defs. Stmt. ¶ 12; USIC Resp. ¶ 12. The Hospital Defendants have allegedly been doing business interchangeably as "Sutton House Associates" and "Sutton Terrace Associates," Defs. Stmt. ¶ 13, of which USIC claims that it has no direct knowledge, USIC Resp. ¶ 13.

On June 2, 2014, Brend Renovation Corp ("Brend") entered into an agreement (the "Contractor Agreement") with Sutton House Associated to perform balcony and façade repairs at the Property. USIC Stmt. ¶ 2. The Contractor Agreement requires Brend to "indemnify, defend and hold harmless the Owner, Owner's tenants, Owner's managing agent… and their respective affiliates, principals, partners, members, shareholders, officers, directors, agents, employees, servants, successors and assigns arising out of the Contractor's work."[3] Defs. Stmt. ¶ 6. On the face of the Contractor Agreement, the Owner is identified as "Sutton House Associated." Declaration of Gabriel T. Montemuro in Supp. of Mot. for Summ. J. ("Montemuro Decl."), Doc.

[1] The following facts are drawn from USIC's Rule 56.1 Statement of Uncontroverted Material Facts ("USIC Stmt.,") Doc. 47, the Hospital Defendants' Statement of Material Facts ("Defs. Stmt."), Doc. 53, the Hospital Defendants' response to USIC's Rule 56.1 Statement ("Defs. Resp."), Doc. 53, USIC's response to the Hosp. Defs. Stmt ("USIC Resp."), Doc. 57, and the parties' supporting submissions. Any citation to the parties' Rule 56.1 Statements incorporates by reference the documents cited therein.

[2] The Staff House Agreement explicitly states that the Hospital Defendants and the nonparty owner shall be referred to as the institutions hereinafter in the Agreement. *See* Affirmation of Michael L. Stonberg in Supp. of Mot. for Summ. J., Doc. 52 Ex. 6 at 3.

[3] USIC disputes the exact location of this provision, but acknowledges that it is a part of the Owner-Contractor Agreement. USIC Resp. ¶ 6.

46 Ex. E at 1. On September 30, 2015, Brend entered into a Subcontractor agreement (the "Subcontractor Agreement") with Lux to perform work at the Property. USIC Stmt. ¶ 3; Defs. Resp. ¶ 3. The Subcontractor Agreement requires Lux to "procure and maintain…such insurance as will protect Brend, all entities Brend is required to indemnify and hold harmless, the Owner…for claims arising out of or resulting from Lux's work." Defs. Stmt. ¶ 9; USIC Resp. ¶ 9. On the face of the Subcontractor Agreement, the Owner is identified as "Sutton Terrace Associates, Inc." Declaration of John Kolb ("Kolb Decl."), Doc. 45 Ex. B at 1.

USIC issued a commercial general liability insurance policy (the "Policy") to Lux that was effective from August 14, 2015 to August 14, 2016, which encompasses the applicable dates of loss for the two underlying actions. USIC Stmt. ¶¶ 1, 4-5; Defs. Resp. ¶¶ 1, 4-5. The Policy provides coverage for sums that the insured becomes legally obligated to pay because of bodily injury or property damage caused by an occurrence that takes place in the coverage territory. USIC Resp. ¶ 16. (Internal quotation marks omitted). The Policy also provides a right and a duty to defend the insured by USIC, against any suit seeking covered damages. *Id*. (Internal quotation marks omitted). The Policy excludes coverage for injuries to employees, but exempts from the exclusion and provides coverage for liability either assumed by the insured under an "insured contract," or "assumed in a contract or agreement that is an insured contract." Defs. Stmt. ¶¶ 17-18; USIC Resp. ¶¶ 17-18. The Policy defines an "insured contract" to be "that part of any other contract or agreement pertaining to your business…under which you assume the tort liability of another party to pay for 'bodily injury …to a third person, provided the 'bodily injury' is caused, in whole or in part, by you or those acting on your behalf." *Id*. ¶ 19. The Subcontractor Agreement is an "insured contract" under the Policy. USIC Stmt. ¶ 16; Defs. Resp. ¶ 16. The

Policy also affords coverage and defense to additional insureds "when required by written contract." *Id*. ¶ 15.

The Hospital Defendants base their claims of additional insured coverage on section 4.6 and Article 13 of the Subcontractor Agreement and the Subcontract Agreement Rider. USIC Stmt. ¶ 18; Defs. Resp. ¶ 18. Section 4.6 of the Subcontractor Agreement states that Lux shall "indemnify and hold harmless the Owner and any of its agents or employees against claims attributable to bodily injury arising from the performance of [Lux's] work thereunder to the extent that such injury is caused by negligent acts or omissions of [Lux.] *Id*; *see also* Kolb Decl. Ex. B at 4. Article 13 of the Subcontractor Agreement states that "Lux shall purchase and maintain insurance…[in compliance with the insurance requirements] of the Subcontract Agreement Rider." *Id*. at 9. The Subcontract Agreement Rider states that "Lux's insurance shall include contractual liability coverage and additional insured coverage for the benefit of the Contractor, Owner and anyone else the Owner is required to name." Kolb Decl. Ex. C.

The instant action arises out of two accidents that took place at the Property during façade renovations and the lawsuits arising therefrom.[4] Defs. Stmt. ¶ 1. Both actions are for personal injuries suffered while working on the Property, and name some of the Hospital Defendants as defendants. USIC Stmt. ¶¶ 4-8; The named Hospital Defendants in the underlying actions then demanded defense and indemnity from Lux and requested coverage for the claims in the underlying actions. *Id*. ¶¶ 9-10. On September 7, 2017, the Hospital Defendants filed a third-party action joining Lux in the Rodriguez action, and allege, *inter alia*, that Lux is obligated to contractually indemnify them. Defs. Stmt. ¶ 3; USIC Stmt. ¶ 22. On

[4] The two lawsuits are *Fredy Carabajo v. Brend Renovation et al.*, No. 14421/2016 (Sup. Ct. Queens County.) and *Leonard Rodriguez v. Cornell Univ. et al.*, No. 6883/2016 (Sup. Ct. Queens County.) (the "Rodriguez action"). *Id*.

November 1, 2017, USIC informed the Hospital Defendants that it denied their request for coverage. *Id*. ¶ 11.

On April 6, 2018, USIC commenced the instant action. Doc. 2. On April 8, 2019, USIC filed its motion for summary judgment and its Rule 56.1 statement. Docs. 43 and 47. On June 4, 2019, the Hospital Defendants filed their motion for summary judgment and Rule 56.1 statement. Docs. 51 and 53. To date, Lux has not answered or appeared in the action.[5]

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *Scr Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id*. The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all

[5] USIC filed its request to enter default against Lux on June 14, 2018. Doc. 33. However, that request was not properly filed in compliance with the individual rules and practice of this Court for obtaining a default judgment. USIC represents that it decided against going forward with that request then in light of the Hospital Defendants' opposition. Mem. of Law in Supp. of USIC's Mot. for Summ. J. ("USIC Mem."), Doc. 44 at 7 n.3.

reasonable inferences against the movant.'" *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise. *Goenaga v. March of dimes birth defects found.*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F.Supp. 2d at 467–68 (citing *Anderson v. Liberty lobby*, 477 U.S. 242, 256–57 (1986)).

"When confronted with cross-motions for summary judgment, the Court analyzes each motion separately, 'in each case construing the evidence in the light most favorable to the non-moving party.'" *Peterson v. Kolodin*, No. 13 Civ. 793 (JSR), 2013 WL 5226114, at *1 (S.D.N.Y. Sept. 10, 2013) (quoting *Novella v. Westchester Cty.*, 661 F.3d 128, 139 (2d Cir. 2011)); *see also Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) ("[e]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.") (Citation omitted). The Court is not required to resolve the case on summary judgment merely because all parties move for summary judgment. *Morales*, 249 F.3d at 121.

## III. DISCUSSION

The insurance coverage dispute between USIC and the Hospital Defendants boils down to a single issue—whether the term "Owner" in both the Contractor and Subcontractor Agreements includes the Hospital Defendants. USIC contends that the language does not cover the Hospital Defendants because both agreements clearly define "the Owner" as either "Sutton House Associated" or "Sutton Terrace Associates, Inc." The Hospital Defendants contend that it does cover them because: (1) they are the owners of the Property, as they each hold a part of the legal title to the Property; and (2) "Sutton House Associated" and "Sutton Terrace Associates, Inc" are simply trade names they use and do business as interchangeably. Alternatively, the Hospital Defendants argue that they nevertheless qualify for coverage as affiliates of Sutton House Associated under the Agreements.

The parties agree that New York law governs this action. Under New York law, the threshold question of whether a contract is ambiguous is to be determined as a matter of law, as is the meaning of an unambiguous contract. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 51 (2d Cir. 2011). New York courts have fundamentally held that a contract is construed "in accord with the parties' intent," and the writing within the four corners of a writing agreement is the best evidence of their intention. *Kasowitz, Benson, Torres & Friedman, LLP v. Duane Reade*, 98 A.D. 3d 403 (N.Y.A.D. 1st Dep't. 2012) (internal citation and quotation marks omitted). As a general rule, a court may not rely on extrinsic evidence in construing an unambiguous agreement or "rewrite, under the guise of interpretation," a contractual term that is clear and unambiguous. *Cruden v. Bank of New York*, 957 F.2d 961, 976 (2d Cir. 1992).

Courts may however, reform a contract on the basis of a mutual mistake, that is, a material mistake that involves "a fundamental assumption of the contract." *See True v. True*, 63

A.D. 3d 1145, 1147 (N.Y.A.D. 2d Dep't 2009) (citing *Janowitz Bros. Venture v. 25-30 120th St. Queens Corp.*, 75 A.D.2d 203, 214 (N.Y.A.D. 2d Dep't 1980)). "Proof of mistake must be of the highest order and must show clearly and beyond doubt that there has been a mistake and … it must show with equal clarity and certainty the exact and precise form and import that the instrument ought to be made to assume, in order that it may express and effectuate what was really intended by the parties." *Id*. (internal quotation marks and citations omitted). The party seeking contract reformation on the basis of mutual mistake may, however, rely on parol evidence even if the contract is unambiguous, as the heart of a contract reformation claim is that the writing itself does not accurately reflect the actual agreement reached by the parties. *Id*.

**A. Duty to Defend and Indemnify the Hospital Defendants**

USIC acknowledges that the Hospital Defendants may qualify as covered additional insureds if the Subcontractor agreed to name them as additional insureds in a "written contract," and that the Subcontractor Agreement requires the Subcontractor to procure such insurance for the "Owner." Reply Mem. of Law in further Supp. of USIC's Mot. for Summ. J. ("USIC Reply"), Doc. 55 at 2. USIC further acknowledges that the Subcontractor Agreement is an "insured contract," therefore any liability assumed thereunder is exempt from the Policy's exclusion of employees' injuries from coverage. The Hospital Defendants correctly point out that given that the injured plaintiffs in the two underlying actions are employees of Lux, there was "sufficient connection to trigger additional insured 'arising out of' operations endorsement and fault was immaterial to this determination." Mem. in Supp. of the Hospital Defs.' Mot. Summ. J. ("Hosp. Defs. Mem."), Doc. 54 at 7. (Citing *Hunter Roberts Constr. Grp. V. Arch Ins. Co.*, 75 A.D.3d 404, 408 (N.Y.A.D. 1st Dep't, 2010)). As such, if the Hospital Defendants are

"Owners," the Policy would provide them coverage, to which a duty to defend attaches under the Policy.

USIC urges the Court to grant its motion for summary judgment on the basis that the "the Owner," as defined in the Contractor and Subcontractor Agreements, is clearly limited to either "Sutton House Associated" or "Sutton Terrace Associates, Inc." Therefore, USIC contends that the Hospital Defendants could neither qualify as additional insureds under the Policy, nor enjoy coverage for liability assumed by Lux in the Subcontractor Agreement. USIC Mem. at 5. The Court disagrees.

New York state courts have long held that "the name of the insured as stated in the policy is not the sole factor to be considered in determining who was the intended insured." *Laura Accessories, Inc. v. Travelers Ins. Co.*, 67 A.D. 2d 638, 639 (N.Y. 1st Dept. 1979); *see also 137 Broadway Assoc., LLC v. 602 West 137th Deli Corp.*, No. 158359, 2013 WL 3884180 at *2 (Sup. Ct. N.Y. County. 2013) (Citing *Laura Accessories, Inc.* for that holding). When the parties clearly intended to cover a risk, but one side inadvertently lists a nonentity as the additional insured, New York courts have held that it is appropriate to view that mistake as a "mutual mistake," and to reform the insurance agreement in accordance with the intent of the parties. *See id*. (Collecting cases). On the record, it is undisputed that the Policy provides coverage for additional insureds, "when required by a written contract," for risks that arise out of the Lux's work. Further, USIC acknowledges that the Subcontractor Agreement Rider requires Lux to procure insurance for, *inter alia*, "the Owner." USIC Reply at 2. The Rider also specifically provides that Lux's insurance shall include contractual liability coverage for the benefit of the Contractor, the Owner and anyone else the Owner is required to name…and shall specifically include coverage for completed operations. Kolb Decl. Ex. C. As such, it is clear that the

Policy, at minimum, affords coverage to either "Sutton House Associated" or "Sutton Terrace Associates, Inc" as the Owner, and intends to cover risks associated with the ownership of the Property arising out of Lux's work.

Additionally, the Hospital Defendants have offered evidence, namely the Staff House Agreement, that they have been doing business as "Sutton House Associated" over the years in connection with the Property that is named "Sutton Terrace." The mistake in naming "Sutton House Associated" or "Sutton Terrace Associates, Inc" as the Owner of the Property appears innocent, especially in light of the Hospital Defendants' legal ownership of the Property. For its part, USIC has proffered no evidence that there exists a separate business entity named either "Sutton House Associated" or "Sutton Terrace Associates, Inc" that could own the Property or claim coverage. Indeed, a search of the New York State Division of Corporations Business Entity database conducted by USIC returned no result for "Sutton Terrace Associates," "Sutton House Associated" or "Sutton Terrace Associates, Inc." USIC Reply at 4. USIC contends that this shows that these are legal nonentities that cannot have affiliates. *Id*. Even assuming arguendo that is true,[6] USIC's contention fails to raise a triable issue of fact as to: (1) whether the Policy clearly covers the risks associated with ownership of the Property arising out of Lux's work; (2) that the Hospital Defendants have been doing business as "Sutton House Associated" or "Sutton Terrace Associates, Inc.," which are plainly identified as the owners of the Property in the Contractor and Subcontractor Agreements; or (3) that the mistake in identifying them as the owners of the Property was not innocent. Accordingly, the mistake of listing "Sutton House

[6] The Hospital Defendants contend that they can be affiliates of Sutton Terrace Associates and Sutton House Associated, even if they do not have a legal existence, because Black's Law Dictionary defines affiliate as "companies that have a shared resources, interests, or business dealings." However, Black's Law Dictionary defines an affiliate to be "a corporation that is related to another corporation by shareholdings or other means of control." *Black's Law Dictionary* (9th ed. 2009), at 67. Additionally, Black's Law Dictionary defines a corporation to be "an entity having authority under law." *Id*. at 391.

Associated" or "Sutton Terrace Associates, Inc." on the Contractor and Subcontractor Agreements should be regarded as mutual. Therefore, USIC must be required to provide coverage to the Hospital Defendants as additional insureds under the Policy.

**B. Duty to Defend and Indemnify Lux**

USIC also moves for summary judgment against Lux on two bases: (1) that Lux is in default in this action; (2) that even if the Subcontractor is not in default, USIC does not have a duty to defend and indemnify it in the third-party action because it does not allege a "bodily injury" claim that triggers coverage for Lux under the Policy. The Court disagrees.

First, the Hospital Defendants correctly point out that they are entitled to oppose USIC's motion against Lux. New York Insurance Law § 3420 (b) authorizes "any person who, or the representative of any person who, has obtained a judgment against the insured or the insured's personal representative, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract" to maintain an action against the insurer upon such policy or contract of liability insurance. The New York Court of Appeals has interpreted the statute to generally preclude a direct action against an insured's insurer until a judgment has been secured against the insured, *see Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350 (2004) (interpreting N.Y. Ins. Law § 3420). However, the same Court of Appeals has also found that a relevant party may, prior to securing a judgment against the insured, contest the insured's coverage under the Policy, at least when both the insured and the relevant party are joined in an action seeking a declaration of rights under the Policy. S*ee Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 471 n.1 (2005); *see also 3405 Putnam Realty Corp. v. Insurance Corp. of N.Y.*, 36 A.D.3d 565 (N.Y.A.D. 1st Dep't, 2007). Since the Hospital Defendants filed the third-party action in the Rodriguez action against Lux, and both they and Lux have been joined as party defendants in the

instant declaratory judgment action, the Hospital Defendants could properly contest the issue of USIC's duty to indemnify and defend Lux in the third-party action. *Id*.

Here, the Policy affords Lux coverage for any contractual liability for bodily injury damages that Lux assumes in a contract that is an insured contract, provided that the injury was caused in whole or in part by Lux. As discussed above, the Subcontractor Agreement is an insured contract. Additionally, the Subcontractor Agreement requires Lux to indemnify and hold harmless, *inter alia*, the Owner of the Property against any liability or claimed liability for bodily injury…arising out of or resulting from Lux's work. Having found that the Hospital Defendants are the Owners under Subcontractor Agreement, it is clear that the Policy affords coverage for Lux against the contractual indemnification claim that the Hospital Defendants assert against it in the underlying third-party action, in the event that the alleged injury is caused in whole or in part by Lux.

USIC also urges the Court to declare that USIC has no duty to indemnify or defend Lux in the third-party action on the basis that the third-party complaint does not allege a bodily injury caused in whole or in part by Lux. The New York Court of Appeals held in *Spoor-Lasher Co. v. Aetna Cas. & Sur. Co.*, 39 N.Y.2d 875 (1976), which involved a similar "hold harmless" clause, that a declaration that the insurer has no obligation to defend the insured is only appropriate if it can be concluded as a matter of law that there is no possible factual or legal basis that could give rise to insurer's duty to indemnify under any provision of the insurance policy. In other words, USIC asks this Court to predict that the court in the underlying Rodriguez action could not possibly find that Lux caused any part of the alleged injury. However, the record does not permit such a finding, as the original complaint in the Rodriguez action clearly alleges that the plaintiff sustained injuries while working on the Property as a Lux's employee. Montemuro

Decl. Ex. F at 34. In addition, the third-party complaint alleges that if the Rodriguez plaintiff "actually incurred any injuries…those injuries alleged were caused solely by reason of the carelessness, recklessness, negligence and/or acts of omission or commission of [Lux.]" *Id*. Ex. H at 16-17. Therefore, it is not immediately clear on this record, as a matter of law or otherwise, that Lux did not cause in whole or in part of the alleged injury, a finding more properly reserved to the court in the Rodriguez action. Accordingly, USIC's motion for summary judgment against Lux must be denied.

## IV. ATTORNEY'S FEES

It is well settled under New York law that an insured cannot recover his legal expenditure in a dispute with an insurer over coverage, even if the insurer loses and is obligated to provide coverage. *Employers Mutual Cas. Co. v. Key Pharmaceuticals*, 75 F.3d 815, 824 (2d Cir. 1996) (quoting *Sukup v. State*, 19 N.Y.2d 519, 522 (1967)). However, New York courts have found a limited exception to the general rule, under which an insured who is "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations, and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597 (2004) (citing *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21-22 (1979); *see also Am. Home Assur. Co. v. Port Auth. Of N.Y. & N.J.*, 123 A.D.3d 633 (N.Y.A.D. 1st Dep't, 2014) (quoting *U.S. Underwriters Ins. Co.*, 3 N.Y.3d at 597). The Second Circuit has interpreted that exception to cover "a declaratory action brought by an insurance company seeking to deny a duty to defend and indemnify." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 110 (2d Cir. 2004). The underlying rationale is that "an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's

declaratory judgment action." *City Club Hotel, LLC*, 3 N.Y.3d at 597-98. Extending this rationale, a New York appellate court has found that a counterclaim by the insured defendant that is a "mirror image of the declaratory claim" brought by the insurer plaintiff does not cast the insurer in a "defensive posture." *Am. Home Assur. Co.*, 123 A.D.3d at 633. Here, it is undisputed that USIC initiated the instant declaratory action against the Hospital Defendants, seeking to deny its duty to defend and indemnify. As discussed above, the Hospital Defendants have successfully defended against USIC's motion for summary judgment and prevailed on their cross motion, thereby prevailing on the merits. USIC relies on *Sukup v. State*, for its holding that an insured may "recover his legal expenses in a controversy with a carrier over coverage" only when there was "a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Sukup v. State*, 19 N.Y.2d 519 (1967). While that may be a true statement of law, the instant action plainly falls under the narrow exception to that general rule carved out by the New York courts in *Mighty Midgets* and *City Club Hotel*. Accordingly, the Hospital Defendants' request for their legal expenses in the instant action is granted.

## V. CONCLUSION

For the aforementioned reasons, the Hospital Defendants' motion for summary judgment, including their request for attorneys' fees, is GRANTED and USIC's motion for summary judgment is DENIED. The Hospital Defendants are hereby directed to submit, via affidavit, contemporaneous time records and other competent evidence, their application for attorneys' fees by **December 19, 2019**. The Clerk of the Court is respectfully directed to terminate the motions, Docs 43 and 51.

It is SO ORDERED.

Dated: November 20, 2019
New York, New York

Edgardo Ramos, U.S.D.J.