UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED SPECIALTY INSURANCE
COMPANY,

               Plaintiff,

          – *against* –

LUX MAINTENANCE & REN. CORP.,
CORNELL UNIVERSITY, ROCKEFELLER
UNIVERSITY, THE SOCIETY OF THE NEW
YORK HOSPITAL, MEMORIAL HOSPITAL
FOR CANCER AND ALLIED DISEASES, and
MANHATTAN EYE EAR & THROAT
HOSPITAL,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: July 16, 2020

**OPINION & ORDER**

18 Civ. 3083 (ER)

RAMOS, D.J.:

On November 20, 2019, summary judgment in this action was entered in favor of Cornell University, Rockefeller University, The Society of the New York Hospital, Memorial Hospital for Cancer and Allied Diseases, Manhattan Eye Ear & Throat Hospital (the "Hospital Defendants," and collectively with Lux Maintenance & Ren. Corp. ("Lux"), the "Defendants"), including their request for attorneys' fees. Doc. 59. In that Opinion and Order, the Court granted the Hospital Defendants' request for reimbursement of their legal fees expended in defending the action and directed them to submit contemporaneous time records in support of their application for the fees. *Id*. at 15. The Hospital Defendants now move for recovery of attorney's fees from United Specialty Insurance Company ("USIC"). Doc. 63. USIC opposes the motion, requesting that attorney's fees be limited to the fees incurred for the purpose of litigating the instant declaratory judgment action and not include fees associated with the underlying lawsuits. Doc. 67. For the reasons set forth below, the Hospital Defendants' motion is GRANTED in part.

## I.     BACKGROUND

The Court assumes familiarity with the facts and procedural posture of this action, previously set forth in its November 20, 2019 Order, Doc. 59. As such, the Court will only recite those facts necessary to the disposition of the instant motion.

In their moving papers, under the subheading "Defendants Are Entitled To The Attorney's Fees They Incurred To Defend This Action," the Hospital Defendants requested "recovery for the legal fees they expended." Doc. 54 at 10. Similarly, in their reply memorandum in support of their cross motion for summary judgment, under the same subheading, the Hospital Defendants reiterated that they were seeking "recovery for the legal fees they expended." Doc. 58 at 6. In reliance on those arguments, in its Opinion and Order, the Court granted "the Hospital Defendants' request for their legal expenses in the instant action." Doc. 59 at 14.

On December 20, 2019, the Hospital Defendants submitted a motion for recovery of attorney's fees. Doc. 63. They seek $9,989.00 for the services the law firm Stonberg Moran LLP incurred representing the Hospital Defendants in the instant declaratory judgment action. Doc. 64 ¶¶ 6-9, 17. However, in addition, they are seeking reimbursement for the fees incurred in defending the underlying actions. *Id.* ¶ 10. Namely, $2,771.50 for the fees incurred by the law firm Littleton Park in *Fredy Carabajo v. Brend Renovation et al.*, No. 14421/2016 (Sup. Ct. Queens Cnty.) (the "Carabajo action") and $5,721.01 for the fees incurred by the law firm Litchfield Cavo in the Carabajo action, in *Leonard Rodriguez v. Cornell Univ. et al.*, No. 6883/2016 (Sup. Ct. Queens Cnty.) (the "Rodriguez action"), and in a new action, *Fredy Carabajo v. Cornell Univ. et al.*, No. 159678/2018 (Sup. Ct. N.Y. Cnty.) (the "Carabajo II action").[1] Doc. 64 ¶¶ 13-15, 17. The Hospital Defendants further ask the Court to issue an order

---

[1] These are the underlying actions that gave rise to this case, stemming from two accidents and accompanying personal injury lawsuits naming some of the Hospital Defendants as defendants. Docs. 47 ¶¶ 4-8, 53 ¶ 1. The named Hospital Defendants in the underlying actions then demanded defense and indemnity from Lux, for whom USIC served as commercial general liability insurer, and requested coverage for the claims. Doc. 47 ¶¶ 9-10. The Carabajo II action is a new suit not previously introduced in this case. Doc. 64 ¶ 14.

2

directing USIC to pay the amount of $26,493.81 for the remainder that USIC allegedly agreed to pay but has not yet fully paid for Litchfield Cavo's services in defending the two underlying actions. *Id.* ¶¶ 16, 18.

On November 30, 2019, USIC filed their opposition. Doc. 67. In their opposition, USIC does not challenge the Hospital Defendants' request for reimbursement for the fees incurred in defending this action, but do object to their request for reimbursement for the underlying actions. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) requires a party to move "for attorney's fees and related nontaxable expenses . . . no later than 14 days after the entry of judgment." Where a contract provides for the award of attorneys' fees and costs to a prevailing party, the court may award fees that are considered reasonable. *Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*, No. 12 Civ. 1337 (KNF), 2014 WL 6632937, at *4 (S.D.N.Y. Nov. 24, 2014) (citing *F.H. Krear & Co. v. Nineteen Named Trs*, 810 F.2d 1250, 1263 (2d Cir. 1987)). In determining whether attorneys' fees are reasonable, New York has adopted the "lodestar" method outlined by the United States Supreme Court. *See Perdue v. Kenny A.*, 559 U.S. 542, 551-52 (2010). Therefore, under New York law, "[a] request for legal fees is presumptively reasonable where the fees sought are 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

To calculate the reasonable hourly rate, "courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Ognibene v. Parkes*, 08 Civ. 1335 (LTS) (FM), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). To calculate the reasonable number of hours worked, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir.

3

2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Ultimately, a district court has broad discretion in setting fee awards.  *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987); *see also Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) ("In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments." (citation omitted)).  "A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed, preferably through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates." *Pita v. Tulcingo Car Serv., Inc.*, No. 10 Civ. 0481 (DLI) (JO), 2011 WL 1790833, at *9 (E.D.N.Y. Apr. 7, 2011) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)).

### III.   DISCUSSION

Hospital Defendants' moving papers only asked, and provided legal authority, for attorney's fees related to this action, Docs. 54 at 10, 58 at 6-7, and this Court only granted the Hospital Defendants' request for "their legal expenses in the instant action."  Doc. 59 at 14.  Therefore, this Court will only consider the requested fees related to this action.

District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case."  *Barfield v. New York City Health & Hosps Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).  The Hospital Defendants requested $9,989.00 in attorneys' fees and have submitted an affidavit that the law firm Stonberg Moran LLP was retained by National Claim Services, the third-party administrator for State National Insurance Company, to represent them in this action during the period from May 11, 2018 through June 2019.  Doc. 64 ¶¶ 1-4, 9.  The Plaintiff does not submit an objection to this amount.  Doc. 67 at 4.

The Hospital Defendants submitted billing records for work including communicating with personal counsel for specific defendants, drafting and responding to the Plaintiff's complaint, drafting and filing a counterclaim and Federal Rule 7.1 statement, communicating with Plaintiff's counsel, attending court conferences, and preparing a reply in further support of

counterclaim.  Doc. 64-1.  In reviewing the invoices provided, the total amount of hours billed is 56, with most hours being billed at an hourly rate of $205 per hour and two entries of legal research being billed at $90 per hour.  *Id.*  With the deductions applied by the electronic billing portal Bottomline Legal X, this averages to the Hospital Defendants being billed $178.38 per hour for the 56 total hours of work.  Doc. 64 ¶¶ 6-9.  The Hospital Defendants failed to provide evidence establishing that the hourly rates charged are in line with the prevailing rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Gierlinger*, 160 F.3d at 882.  However, the Court "may also use its knowledge of the relevant market when determining the reasonable hourly rate."  *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citing *Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987) (a district judge may "rely in part on the judge's own knowledge of private firm hourly rates in the community")).  This Court finds that the rates billed are within the market rate normally charged in the community.  *See, e.g.*, *Stuckey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 15 Civ. 6639 (CM), 2015 WL 5547441, at *12 (S.D.N.Y. Sept. 17, 2015) (stating in an insurance coverage dispute that "courts in this district have routinely found reasonable partner rates in the $600 to $800 per hour range and associates rates in the $300 to $500 per hour range"), *Nat'l Grange Mut. Ins. Co. v. Udar Corp.*, No. 98 Civ. 4560, 2002 U.S. Dist. LEXIS 3848, at *7-8 (S.D.N.Y. Mar. 7, 2002) (finding the uncontested hourly rates of $200 through $250 between 1998 and 2001 in a similar insurance coverage action reasonable).

Based on the work performed and no opposition from the Plaintiff, the Court finds that the requested attorneys' fees and costs of $9,989.00 are objectively reasonable.

## IV. CONCLUSION

For the reasons set forth above, the Court enters judgment in the amount of $9,989.00 to the Hospital Defendants. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 63.

SO ORDERED.

Dated: July 16, 2020
       New York, New York

                                                EDGARDO RAMOS, U.S.D.J.